## A. T. BAKER & COMPANY v. D. M. DeVITT.

### Decided March 21, 1908.

**Brokers—Commissions—Contract—Evidence.**

In an action by land agents for commission upon a sale of land, the defendant plead that plaintiffs were employed upon the express understanding that any sale they might make would have to be subject to the approval of defendant's wife. Over the objections of plaintiffs, a witness was allowed to testify that defendant told him, the plaintiffs not being present, that the sale in question was made subject to his wife's approval. Held, the testimony was self-serving and hearsay, and beside the real issue in the case.

Appeal from the County Court of Tarrant County. Tried below before Hon. John L. Terrell.

*W. W. Wilkinson* and *Theodore Mack,* for appellants.

*Cowan, Burney & Goree,* for appellee.

SPEER, ASSOCIATE JUSTICE.—A. T. Baker & Company, a real estate firm, sued D. M. DeVitt to recover the sum of two hundred and twenty-five dollars as commissions on the sale of certain real estate. Besides the general denial the defendant interposed a special answer to the effect that plaintiffs were employed as brokers upon the express understanding that any sale of the property they might make would have to be subject to the approval of defendant's wife, and that defendant's wife did not in fact consent to the sale made by plaintiffs, but without any fault upon the part of defendant disapproved the same and refused to sign the deed to the property. There was a verdict for the defendant and the plaintiffs have appealed.

Upon the trial, over objections of appellants, the witness W. R. Edrington was permitted to testify as follows: "Mr. DeVitt called me up over the phone at my residence and asked me to meet him at the Delaware Hotel on Sunday morning. I went down there and Mr. DeVitt stated to me that he had agreed to sell his place and wanted me to see about getting up the contract and sign it for him, as he was going away that morning, but he wanted it distinctly understood that it was sold subject to his wife signing the deed."

The real issue to be determined was not whether the sale actually consummated between appellee and the purchaser Dixon was subject to Mrs. DeVitt's approval, but rather, whether or not appellants' authority to make a sale was conditioned upon Mrs. DeVitt's approval. The above testimony was in its nature self serving and hearsay, and the objection upon these grounds ought to have been sustained. The witness Edrington was perhaps properly allowed to testify that he informed the purchaser Dixon and appellants at the time he signed the contract in behalf of appellee that it was subject to this condition, upon the ground that this conversation took place in appellants' presence and therefore had some bearing upon the issue of what the real contract of employment was.

We find no other error in the record, but for the one discussed the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*