### G. W. BISHOP v. O. R. RIDDLE.

Decided June 13, 1908.

**1.—Partnership—Competition by Partner—Action for Damages.**

R. & B. were partners in a local telephone exchange; R. owned certain connecting toll lines in his separate right which derived a revenue from the partnership exchange; B. entered into a contract with a third party for the establishment of toll lines which would compete with those owned by R.; in an action by R. against B. for damages for an alleged violation of the contract of partnership in the local exchange, and for damage to R.'s individual interests, pleading and evidence considered, and held insufficient to show that B. was under any obligation by contract or otherwise to refrain from competing with R.'s individual toll lines, and therefore insufficient to support a verdict and judgment in R.'s favor.

**2.—Same—No Duty, no Liability.**

In the absence of some duty arising out of a contract, express or implied, to refrain from competing with the business of another, there can be no liability in damages for so doing.

**3.—Telephone Companies—Right to Construct Lines in Towns.**

Telephone companies are included in the statute concerning corporations created for the purpose of constructing and maintaining magnetic telegraph lines, and the statute granting city councils of towns and cities incorporated under the general law the exclusive control over the streets, alleys, etc., of the city, and the power to abate nuisances and remove encroachments or obstructions thereon, does not repeal the previous statute giving the right to telephone companies to use the streets for their poles and lines.

**4.—Partnership—Dissolution—Competition.**

After the withdrawal of a partner from a partnership, such partner may engage in the same business without liability for damages resulting to the old concern from competition.

Error from the District Court of Eastland County. Tried below before Hon. J. H. Calhoun.

*Stubblefield & Patterson,* for plaintiff in error.

*D. G. Hunt,* for defendant in error.

PRESLER, ASSOCIATE JUSTICE.—Plaintiff below, O. R. Riddle, brought this suit for damages in the District Court of Eastland County against the defendant below, G. W. Bishop, for the alleged violation of an implied contract of partnership in relation to ownership and operation of a certain telephone exchange in the town of Eastland, Texas, alleged to have been the partnership property of said G. W. Bishop and O. R. Riddle, and for damage alleged to have been caused defendant in error's individual toll lines operated in connection with said exchange, and for exemplary damages, alleging that plaintiff in error during the existence of said alleged partnership had violated the same by procuring a franchise for himself and in the town of Eastland erecting a rival telephone exchange in competition with said partnership exchange, thereby destroying the value of the latter, and by diverting the long distance business from and over defendant in error's individual long distance toll lines to those of the Southwestern Telegraph & Telephone Company, greatly injuring and diminishing the value of said toll lines, and that all of said alleged acts of plaintiff in error Bishop were wrongfully and maliciously done for the purpose of injuring and damaging defendant in error.

The trial in the District Court resulted in a verdict for defendant in error, O. R. Riddle, upon special issues submitted, in the sum of one hundred and fifty dollars as damage to the partnership business, two hundred and fifty dollars as damage to the individual long distance telephone business of defendant in error, O. R. Riddle, and for the further sum of two hundred and fifty dollars as exemplary damage, making a total recovery of six hundred and fifty dollars, and judgment was accordingly entered thereon. Plaintiff in error duly made his motion for a new trial, which was overruled, gave notice of appeal, and filed application for writ of error. Citation in error was executed, supersedeas bond filed, and the case is properly in this court for revision upon numerous assignments of error.

We are of the opinion that under the pleadings and the evidence in

this case no recovery should have been awarded defendant in error Riddle as damage to his individual toll lines, it not appearing either from the pleading or the evidence that said lines were a part of the partnership property, or that plaintiff in error Bishop had ever by contract, express or implied, undertaken to protect or in any way further and guard the interests of defendant in error in said toll lines, and before we can hold plaintiff in error responsible for damage to defendant in error's separate and individual property and business on account of plaintiff in error's competition therewith, it should be made to appear that plaintiff in error owed some duty in this respect to defendant in error arising out of a contract with relation thereto, either express or implied.

The theory upon which defendant Riddle contends that a partnership between himself and the plaintiff Bishop existed in reference to said business and property is that one Harrison and defendant in error had originally constructed said Eastland telephone exchange and for a time owned and operated it jointly upon an equal division of profits and loss, and that said toll lines were then connected with said exchange and that the plaintiff in error, Bishop, by buying out Harrison's interest in the telephone exchange and by continuing the business thereof in the way that Harrison had theretofore operated it, became a partner of defendant in error in the further operation of said business and was under all the obligations and duties imposed in said partnership upon said Harrison.

Defendant Riddle testified with reference to Harrison's interest in and connection with the toll lines in question as follows: "The toll lines were not partnership property and Harrison was in no way interested in my lines nor was I interested in his, except that our system at Eastland handled messages over our toll lines and charged five cents for each message so handled, which was a part of the earnings of the Eastland system. I supposed Mr. Bishop when he bought out Mr. Harrison would continue the business in the same way which Harrison had conducted it." And with reference to Bishop defendant in error testified: "We made no agreement for the charge for my toll lines, but he just charged off five cents for each call, which was customary. He has never at any time been a partner with me in the toll business, nor in any way interested in the toll business with us. We shared equally the charges made by the exchange for handling my long distance calls. I had the exclusive control of my toll lines, but Bishop saw that they were kept in order. I held Bishop only responsible to me for the collections he made on the calls over the long distance lines, belonging to me ............ I did not tell Bishop anything about my contract with Harrison, and do not know that he knew anything about it." Defendant Riddle further testified, referring to Bishop: "We never entered into any agreement that each should share equally in the profits of the exchange or in the expense of the same. Nothing was said about it, we just went along as before. I did not tell Harrison when we went in together that I expected to run country lines from my exchanges, neither did I tell Bishop that I expected to do so, in fact I never consulted him about it. I think I began to connect the country lines with Ranger exchange in a short while after Bishop bought out Harrison. I have

never said anything to Bishop since he bought out Harrison as to my running country lines into territory where the Eastland exchange might desire to run lines, I have never consulted him in regard to the operation of my country lines. And there never has been an agreement between us that neither of us should go into other phone business. I ran other phone business, and my other exchange entered territory in which the Eastland exchange entered. I also had my long distance business, in which Bishop was in nowise interested, and Bishop was interested in a toll line to Carbon and Gorman from Eastland, in which I had no interest. Neither Bishop nor I ever said anything about each not going into competitive phone business. There was no agreement or promise as to that matter." We therefore conclude that plaintiff in error's first, twelfth and twenty-sixth assignments of error, all of which relate to the question of plaintiff in error's liability for damage to defendant's toll lines, are well taken and that the same should be here sustained and that this case should be reversed and remanded.

While not material to the disposition of this appeal, in view of another trial of this case, we here state that we do not consider the question raised by plaintiff in error's sixth assignment, to wit, "The defendant excepts to the plaintiff's petition, in so far as he seeks to recover damage for the conduct on the part of the defendant subsequent to the time when the franchise, which was granted to O. R. Riddle and under which the plaintiff and the defendant did a telephone business in the town of Eastland, expired," of material interest in this case. This court in the case of City of Texarkana v. Southwestern Telegraph & Telephone Co., 20 Texas Ct. Rep., 735, held in effect that no such franchise was necessary, that telephone companies are included in the statute authorizing corporations created for the purpose of constructing and maintaining magnetic telegraph lines to set poles, wires and fixtures along, upon and across any public road, street or water of the State, and that the statute granting city councils of towns and cities incorporated under the general law the exclusive control and power over the streets, alleys and grounds of the city, and the power to abate nuisances and remove encroachments or obstructions thereon, does not repeal the previous statute giving the right to telephone companies to use the streets for their poles and wires, nor does it take from such companies such right. The assignment is therefore overruled.

Plaintiff in error's fourteenth assignment complains of the refusal of the court to give the following special charge requested: "Should you find from the evidence that the plaintiff and the defendant were at one time partners in the telephone business, but should you further find that the said defendant gave notice to the plaintiff that said partnership, if any there was, was dissolved in January, 1907, then you are instructed that the said notice would be sufficient to dissolve said partnership, and unless you find that the defendant had begun the construction of a telephone exchange in the town of Eastland during the existence of the partnership between the plaintiff and the defendant, or had done some act in furtherance of the construction of a telephone exchange for himself, then you are instructed that the defendant would not be liable for any damage, which might have resulted to the plaintiff by reason of the defendant constructing a local telephone exchange for himself, and

you will find in favor of the defendant upon this issue in the case." We are of the opinion that the above submits a correct proposition of law, the submission of which was called for by a material issue of the case and, not being covered by the general charge, we hold that the refusal to give said special charge, as requested, was error and the assignment is sustained.

Plaintiff in error's remaining assignments are not considered well taken and are therefore overruled.

We conclude, because of the errors hereinbefore discussed, this cause should be reversed and remanded, and it is so ordered.

*Reversed and remanded.*

Writ of error refused.