## MEEKS v. HOLMES COMMERCE CO.

(Court of Civil Appeals of Texas. Dallas. Feb. 15, 1913. Rehearing Denied March 8, 1913.)

EVIDENCE (§ 420*) — PAROL EVIDENCE AFFECTING WRITINGS — CONDITIONAL DELIVERY.

In an action between the original parties to a contract for the sale of goods, evidence that the contract was delivered by the buyer with an understanding that he might sell his business, and that the order would not become binding until and unless he subsequently ordered the goods shipped, was competent; and, where such evidence was uncontradicted, judgment for the purchase price was improper.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1728, 1795, 1800, 1804, 1815, 1821, 1929–1944; Dec. Dig. § 420.*]

Error to Van Zandt County Court; C. L. Stanford, Judge.

Action by the Holmes Commerce Company against T. B. Meeks. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Natt M. Crawford, of Grand Saline, and Wynne & Wynne, of Wills Point, for plaintiff in error. L. Davidson, of Canton, for defendant in error.

TALBOT, J. This suit originated in the justice court of Van Zandt county, and from the judgment rendered in that court was appealed to the county court. The suit is to recover the sum of $100.50 for goods charged to have been sold by the defendant in error to the plaintiff in error; the allegations, in substance, being that on or about the 10th day of November, A. D. 1908, plaintiff entered into a written contract of sale, through its regular authorized agent, with defendant, T. B. Meeks, whereby plaintiff sold defendant one premium china assortment, for the sum of $100.58, to be shipped to defendant at Venus, Tex., on the 1st day of January, A. D. 1909, unless countermanded by defendant by the 15th day of December, A. D. 1908, which written order is now on file amongst the papers in this cause; that in pursuance and in accordance with the written terms of said contract plaintiff shipped said goods on the 16th day of February, A. D. 1909, to defendant at Venus, Tex., as shown by bill of lading which is filed amongst the papers in this cause, whereby defendant became liable and promised to pay plaintiff $100.58, and interest thereon at the legal rate from the 15th day of April, A. D. 1909, and an additional 10 per cent. attorney's fees; that it became necessary for it to place this claim in the hands of an attorney for collection, and that plaintiff placed said claim in the hands of an attorney for collection; that said claim is long past due, and, although defendant has often been requested to pay the same, defendant has failed and refused so to do, and still refuses to pay the same or any part thereof, to the plaintiff's great damage in the sum of $100.58. Plaintiff in error filed his third amended original answer, admitting that he had executed the written contract declared on by the defendant in error, but at the time of making said contract he informed the agent of the defendant in error that he expected to sell his business at Venus, Tex., on or before January 1, 1909. He further alleged that he had executed the order with an express understanding and agreement that the order was not to become binding on the plaintiff in error, unless he ordered the goods shipped out; that the contract was to be held by the defendant in error until they received notice from plaintiff in error to ship the goods; that plaintiff in error sold his business before January 1, 1909, and moved from the town of Venus; that the goods were shipped without authority from him, and the contract therefore not binding on him. The plaintiff in error further alleged that he notified the defendant in error when he received notice that the goods had been shipped, that he would not receive them, and that he has never received the goods or any part of them, and that the contract was without consideration and void. The case was tried by the court without a jury, and judgment rendered in favor of the defendant in error for the amount sued for, and plaintiff in error brings the case to this court by writ of error.

There are several assignments of error, but all of them will be overruled, except the fifth. The fifth is as follows: "The court erred in rendering judgment for the plaintiff for the reason that the uncontradicted evidence in this case shows that the contract declared upon by the plaintiffs in its third amended original petition, upon which petition the cause was tried, was delivered to the plaintiff as a conditional contract, and never was intended to become a binding obligation on the defendant only upon the happening of certain contingencies, which were if the defendant failed to sell his business in Venus and did not remove his business from the town of Venus and ordered the plaintiff to ship the goods, then the said contract was to be binding. If the defendant should sell his business and did not order the goods shipped out, then the contract was not to take life, and was not to be valid." The proposition contended for is that "where a contract is reduced to writing and is delivered conditionally—that is, not to take effect and become valid and binding except upon the happening of a certain event agreed to by the parties—the contract does not become a binding obligation until the happening of the events or conditions." We think this assignment and proposition should be sustained. The material allegations of the answer of the

plaintiff in error set out above were established by the uncontradicted parol evidence adduced, but the court, after hearing the evidence, concluded that it varied the terms of the written contract sued on, declined to consider it, and rendered judgment, as before stated, for the defendant in error. In this we think the court erred. The rights of no third party were involved, but the issue was between the original parties to the contract and the evidence offered, and which the court refused, after hearing it, to consider, "did not in any true sense contradict the terms of the writing in suit, nor vary their legal import." Its effect was simply to show that the written instrument was never, in fact, delivered as a present contract, unconditionally binding upon the plaintiff in error, according to its terms, from the time of such delivery, but was left in the hands of the defendant in error's agent to become an absolute obligation of the plaintiff· in error only in the event he should elect to order the goods therein mentioned and described shipped to him. In other words, according to the evidence, the written instrument upon which this suit is predicated was not except in a named contingency to become a contract, binding upon the parties. So that evidence of such an oral agreement, and that the contingency never happened, would not be in contradiction of the writing. It would simply prove that there never was any concluded contract entitling the defendant in error to enforce its stipulation. It is well said that the rule which excludes parol evidence in contradiction of a written agreement presupposes the existence in fact·of such agreement at the time suit is brought, and that the rule has no application if the writing was not delivered as a present contract. Such is the law as announced in Burke v. Dulaney et al., 153 U. S. 228, 14 Sup. Ct. 816, 38 L. Ed. 698, and in many other cases.

The judgment of the court below is reversed, and the cause remanded for a new trial.