WILLIAMS v. WALTER A. WOOD MOWING & REAPING MACHINE CO.

(Court of Civil Appeals of Texas. Dallas. Feb. 22, 1913.)

1. BILLS AND NOTES (§ 452*)—DEFENSES—FAILURE OF CONSIDERATION.

In an action on a note, it was a good defense that the note was given for machinery then in possession of a railroad company, that plaintiff was to pay the freight thereon and deliver it to defendant, and that defendant was to try to sell such machinery, and that the note was not to become binding unless he did sell it, and that plaintiff failed to pay the freight as agreed, since it showed a total failure of consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1303, 1352–1364, 1367–1376; Dec. Dig. § 452.*]

2. EVIDENCE (§ 417*)—PAROL EVIDENCE AFFECTING WRITINGS—MATTERS NOT INCLUDED IN WRITING.

Where a contract is partly in writing and partly in parol, proof to establish the parol part does not change, vary, or contradict the writing.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1874–1899; Dec. Dig. § 417.*]

Error to Van Zandt County Court; C. L. Stanford, Judge.

Action by the Walter A. Wood Mowing & Reaping Machine Company against R. F. Williams. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Wynne & Wynne, of Wills Point, for plaintiff in error. Greer & Greer, of Wills Point, for defendant in error.

RAINEY, C. J. Defendant in error brought this suit in the justice court against the plaintiff in error to recover on a promissory note for $142 executed by plaintiff in error. Plaintiff in error answered under oath that the consideration for said note had failed. A trial was had and judgment was rendered for plaintiff in error, and defendant in error appealed to the county court. In the county court exceptions were sustained to the answer, whereupon, with leave of the court, plaintiff in error amended as follows: "That plaintiff brings this suit on one promissory note executed by the defendant and delivered to it by defendant and now held by it. But defendant charges that the said note was executed and delivered by him upon the following conditions: That defendant is a hardware merchant in Wills Point, and was at the time of the execution of the note in controversy, and that plaintiff had some machinery in the depot at Wills Point, one mower and binder; that it wanted defendant to try and sell for it; that defendant agreed to attempt said sale and represented to agreed value of said machinery was the amount of said note sued on; that defendant made said note and delivered it to the agent of plaintiff with the expressed understanding that it was not to become binding on him unless said machinery was sold. If said machinery was sold by defendant, then said note was to become binding on him. But that the defendant charges the facts to be that he was unable to sell said machinery or any part thereof, and that he notified the plaintiff, and demanded his note, and informed it that he would not take said machinery out of the depot and demanded his said note; that said machinery was then in the depot; that it was never intended that said note was to become a binding obligation on defendant unless said machinery was sold by him; that the said plaintiff is now fraudulently attempting to collect said note to the great hurt of the defendant; that defendant has never received any benefit from said note; that said note was without considera-

---

tion and void under said contract as it was never contemplated that said note should be paid unless the machinery was sold, and that it was only to become binding upon the sale by the defendant of said machinery, and that defendant does not now owe the note or any part thereof; that plaintiff further agreed to pay the freight and demurrage due on said machinery which it refused to do."

This amendment was verified, and defendant in error filed exceptions as follows: "First. For special exception plaintiff says that said answer is insufficient, wherein it sets up a prior and contemporaneous agreement to change and contradict the written instrument sued on. Further excepting to that part of said answer which sets up a contemporaneous understanding between plaintiff and defendant at the time of the execution of the note sued on, that defendant was not to pay the same except upon certain contingencies, for the reason that said allegations seek to change, vary, and contradict the written instrument sued on. Plaintiff further excepts to that part of said answer wherein defendant attempts to plead failure of consideration because the same does not state in what particular said consideration has failed, if at all. Upon all of which plaintiff asks judgment of the court." Which exceptions were by the court sustained, to which ruling of the court plaintiff in error in open court excepted. Plaintiff in error declining to amend; the case went to trial, and judgment was rendered against him, and he has appealed.

[1] Plaintiff in error complains of the sustaining of the exceptions to his answer. It seems the court construed the answer to be an effort to change, vary, and contradict the terms of the promissory note by parol testimony, which is ordinarily prohibited by law, but we are of the opinion that the answer sets up facts which, if proven, constitute a good defense to the note. It alleges facts which show that the note was not a present contract, but depended on a contingency which never took place, that is, in effect, that certain machinery was to be delivered to him, which he was to sell, and thereby get the money which he was to receive for the consideration of the note, that defendant in error was to pay freight, etc., on the machinery and deliver same to him, which he failed to do, preventing a sale by plaintiff in error and causing a total failure of consideration for the note. The allegations of the answer show a failure of consideration, which, if established by proof, would defeat liability and the court erred in sustaining the exceptions.

[2] A contract may be partly in writing and partly in parol, and, where such is the case, the establishing the parol part is not changing, varying, or contradicting the part of the contract that is in writing. The answer set out such a contract, and the court should have heard testimony in the case and rendered judgment accordingly. Allen v. Herrick, 55 Tex. Civ. App. 249, 118 S. W. 1157. This case is somewhat analogous to the case of Meeks v. Holmes Commerce Co., 154 S. W. 365, rendered by this court February 15, 1913, where the question of varying, etc., the terms of a written contract by parol was passed upon and to which case reference is made in support of our holding in this case.

The judgment is reversed and cause remanded.