FARRAR v. HOLT.    (No. 8222.)

(Court of Civil Appeals of Texas. Ft. Worth. June 12, 1915.)

1. EVIDENCE ☞444 — PAROL EVIDENCE— WRITTEN CONTRACTS—CONDITIONS.

That a written contract of employment of a broker by a husband to procure a purchaser of land was on condition that the wife would join in a conveyance to a purchaser procured by the broker to authorize a recovery by the broker of the commissions could be shown by parol, not to show a modification of the contract, but to show that it did not become operative.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1929–1944, 2049; Dec. Dig. ☞444.]

2. APPEAL AND ERROR ☞194—QUESTIONS REVIEWABLE—RECORD.

The sustaining of demurrers to the answer is reviewable on appeal from a judgment on a directed verdict for plaintiff after the introduction of his testimony, though defendant did not object to a peremptory instruction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1241–1246; Dec. Dig. ☞194.]

Appeal from Erath County Court; A. B. Young, Judge.

Action by L. H. Holt against S. A. Farrar. From judgment for plaintiff, defendant appeals. Reversed and remanded.

J. B. Keith and R. L. Thompson, both of Stephenville, for appellant. Chandler & Pannill, of Stephenville, for appellee.

CONNER, C. J. The appellee instituted this suit to recover commissions in the sum of $277.77, alleged to have been earned by him for procuring a purchaser of appellant's land. Appellee alleged, in substance, that appellant had listed his firm, consisting of 171 acres in Erath county, and agreed in writing that, if he should procure a purchaser, he (appellant) would pay to him, appellee, as commissions the said sum of $277.77. Appellee further alleged that a purchaser had been procured.

The appellant in answer to the petition pleaded, in substance, that the land for which the appellee was to negotiate a sale was the homestead of himself and wife and their community property, and that at the time the contract mentioned was made it was executed and delivered with the specific understanding that it should not become operative, valid, or binding as against appellant unless his wife should consent to and approve the contract; that it was not agreed that commissions were to be paid or received, or a remuneration of any kind given for services rendered in an effort to procure a sale, unless said sale was consummated on the approval of appellant's wife. It was further alleged that, without fault on the part of appellant, his wife refused to concur in the contract or agree to a contract of sale that had been procured by the appellee.

Appellee presented both general and special exceptions to the several clauses of defendant's answer setting up the special defense above indicated, all of which were sustained, and after the introduction of the evidence the court gave a peremptory instruction in appellee's favor.

[1] There is no statement of facts, and the only question presented goes to the sufficiency of the special answer set up by the appellant. Appellee urges, in answer to appellant's assignment attacking the court's ruling upon the demurrers, that:

"A contract which is clear and complete and is upon its face absolute and executed and delivered cannot be varied by parol evidence showing that it was not to be binding except upon the happening of some event or contingency."

And that:

"A contract cannot be varied by parol evidence showing that the same was not to be binding except upon a condition subsequent."

It seems evident that the court below entertained the view of the law expressed in the above quotations, but in this we think the court erred. The rule invoked is held to apply in this state to deeds to land, or deeds of trust affecting lands, where the delivery of the instrument was made to a grantee, but not to cases of the execution and delivery of ordinary written instruments such as presented in the appellee's petition. See Holt v. Gordon, 174 S. W. 1097, by our Supreme Court. The distinction between the several lines of cases was clearly pointed out in the opinion of Mr. Justice Dunklin in the case of Holt v. Gordon (No. 7167) 176 S. W. 902, not yet officially published, before the decision of the Supreme Court. The question has been also clearly presented by the Supreme Court of the United States in Burke v. Du Laney, 153 U. S. 228, 14 Sup. Ct. 816, 38 L. Ed. 698; so that we need not repeat what has been so clearly presented in the cases cited. To be brief, from the authorities, we think, it must be said that the manual delivery of an instrument of the character under consideration may always be proven to have been on a condition which has not been fulfilled in order to avoid its effect. Such evidence is not admitted for the purpose of showing a modification or alteration of the terms of the written agreement, but for the purpose of showing that it was not delivered to take effect in præsenti; that it never became operative; that its obligation never commenced. See, also, Meeks v. Holmes Commerce Co., 154 S. W. 365; Williams v. Wood Mowing & Reaping Mach. Co., 154 S. W. 366; Pope v. Taliaferro, 51 Tex. Civ. App. 217, 115 S. W. 311; Parker v. Naylor, 151 S. W. 1103; Baker v. De Vitt, 49 Tex. Civ. App. 607, 110 S. W. 528. We conclude that the court erred in his ruling upon the demurrers.

[2] Appellee has objected to our consideration of the question on the ground that the record discloses no objection to the peremptory instruction of the court, citing the cases of Railway Co. v. Wheat, 173 S. W. 974; King v. Gray, 175 S. W. 763. But it seems quite evident to us that the principle embodied in cases cited has no application here. Those cases are to the effect that a failure to object to an instruction constitutes a waiver of the question of whether the evidence was such as to authorize a submission of the charge. In the case before us, however, the action of the court in sustaining the demurrers to appellant's answer left him defenseless. He was not thereafter required to offer evidence in support of a plea already condemned by the court, and there was, therefore, nothing left for the court to do after the introduction of the plaintiff's testimony but to give the instructed verdict.

It is ordered that the judgment of the court be reversed, and the cause remanded for further proceedings in harmony with this opinion.