## RECTOR v. EVANS. (No. 20.)

(Court of Civil Appeals of Texas. Eastland.
Nov. 20, 1925. Rehearing Denied
Jan. 15, 1926.)

1. Appeal and error �köö719(1), 1078(4)—Errors occurring at trial waived, where not complained of on appeal, and not properly assigned and briefed.

Errors occurring at trial, not complained of by appellant on appeal, and not properly assigned and briefed by him, are waived.

2. Bills and notes ⊙ker64—Answer note was to be canceled if plaintiff did not recover judgment against another held to state defense.

In action on note, defendant's answer alleging note was executed and delivered with understanding it was to be canceled, if plaintiff did not recover judgment against another, held to state complete defense, in view of Negotiable Instruments Act, § 16 (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—16), if supported by evidence.

3. Trial ⊙ker139(1)—Defendant's admission of plaintiff's cause of action, except in so far as it might be defeated by defendant's answer, did not entitle plaintiff to directed verdict.

In action on promissory note, held defendant's admission at close of evidence and prior to argument that plaintiff had cause of action, except in so far as it might be defeated by defendant's answer, made to secure the right to open and close, did not entitle plaintiff to directed verdict.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Action by J. S. Rector against M. C. Evans. Judgment for defendant, and plaintiff appeals. Affirmed.

John W. Birdwell and Ritchie & Ranspot, all of Mineral Wells, for appellant.

Chandler & Chandler, of Stephenville, for appellee.

LITTLER, J. This suit was instituted in the district court of Palo Pinto county, Tex., by the plaintiff, J. S. Rector, against the defendant M. C. Evans, to recover on a promissory note for the sum of $1,033.54.

Defendant answered that said note was executed and delivered by defendant to the plaintiff with an understanding that the plaintiff was to recover judgment against one W. M. Ball and others, who, with plaintiff and defendant, were joint obligors on certain notes executed in winding up the affairs of the Gordon Gin & Milling Company, a corporation; that, if plaintiff should fail to recover judgment against Ball and others, this said note sued on would be of no force or effect, and should be canceled; and that plaintiff had failed to recover said judgment, but that the suits had been dismissed; and that, therefore, defendant, according to the agreement between the parties, was not now liable on said note. Plaintiff in his supplemental petition specially excepted to the defenses pleaded by the defendant.

Appellant's bill of exception shows that upon the trial, and at the close of the evidence, and prior to the argument, counsel for defendant in open court admitted plaintiff's cause of action, except in so far as it might be defeated by defendant's answer; whereupon the court granted the defendant the right to open and conclude the argument.

In appellant's brief no question was raised as to the court's action in permitting counsel for appellee to open and conclude the argument, and no question is raised that admission shown in said bill of exception was not made at the proper time and in the proper manner.

[1] No complaint is made that the record fails to show that appellee's admission was not made in writing and entered of record, and none is made that the admission was not made at the proper time. The only objection urged was that the burden was upon appellant on the whole case. Appellant's sixth proposition is the only one submitted with reference to this matter, and it presents but the one question that in this case the burden was upon the plaintiff below, appellant here, to establish that the note was unconditionally delivered as an essential element of his right of recovery. It is well settled that errors occurring in the trial not complained of by appellant on appeal, and not properly assigned and briefed by him, are waived. M., K. & T. Ry. Co. v. Maxwell, 104 Tex. 632, 143 S. W. 1147. So the only questions presented for decision here are whether the special defense pleaded by appellee and sustained by the verdict of the jury constitute a defense to the note sued on, and whether the admission entitled appellant to an instructed verdict.

[2, 3] It is urged by appellant that the trial court erred in permitting defendant to testify to the defensive matters set out in defendant's answer, for the reason that the facts alleged in said answer were not sufficient to constitute a defense to plaintiff's cause of action.

"In a suit on a promissory note where the instrument is no longer in the possession of the party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved and if in such suits the defendant's plea is that the delivery of the instrument was on a condition which was never fulfilled, such plea is one in the nature of confession and avoidance." Section 16 of the Negotiable Instruments Act (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—16); Holt v. Gordon, 107 Tex. 137, 174 S. W. 1097; W. T. Rawleigh. Co. v. Watson (Tex. Civ. App.) 256 S. W. 955; Meeks v. Holmes (Tex. Civ. App.) 154 S. W. 365; Williams v. Walter A. Wood

---

⊙ker For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Mowing & Reaping Machine Co. (Tex. Civ. App.) 154 S. W. 366.

Hence we conclude that the trial court did not err in permitting appellee to testify to the defensive facts alleged in his petition, as, under the authorities cited, the pleadings alleged a complete defense to the payment of the note in question, if supported by the evidence, and the fact that the jury decided this issue against appellant, the court did not err in rendering judgment for appellee.

"When during the progress of a trial the defendant, in accordance with article 1953, Revised Statutes, and court rule 31, admits plaintiff's cause of action, except in so far as it may be defeated by facts constituting a good defense established on behalf of defendant, in order to procure the right to open and conclude the argument to the jury, and establishes by the pleadings and evidence that it was agreed between payor and payee, at the time of the execution of the note sued on, that the note was not to become a binding obligation until the happening of a certain contingency, and that the contingency never occurred, it is not error for the court to refuse to peremptorily instruct the jury to find for the plaintiff." Parker v. Naylor (Tex. Civ. App.) 151 S. W. 1096; Pope v. Taliaferro, 51 Tex. Civ. App. 217, 115 S. W. 309.

The record disclosing no reversible error, the judgment of the lower court is in all things affirmed.

PANNILL, C. J., not sitting.