HOOK *v.* SOLOMON.

1. NEGLIGENCE—PLEADING—VARIANCE—GROSS NEGLIGENCE.
     In an action for personal injuries, where plaintiff was knocked down and run over by defendant's horse and fish wagon, plaintiff's characterization of the negligence as "wilful" and "wanton" in her declaration does not prevent a recovery for ordinary negligence.

2. TRIAL—DIRECTED VERDICT—APPEAL AND ERROR.
     In reviewing in this court the refusal of the court below to direct a verdict for defendant, the testimony should be construed as favorably to plaintiff as is reasonably possible.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
     In such action, where plaintiff's testimony was to the effect that the driver of the horse carelessly pulled the line and the horse swung around the corner and injured plaintiff, while defendant claimed that plaintiff suddenly stepped in front of the horse, the questions of defendant's negligence and plaintiff's contributory negligence were properly for the jury.

Error to Wayne; Mandell, J. Submitted June 14, 1916. (Docket No. 115.) Decided December 30, 1916.

Case by Pauline Hook against Louis Solomon for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Jay Fuller* (*Charles C. Stewart,* of counsel), for appellant.

*James D. May,* for appellee.

PERSON, J. Plaintiff claims to have been knocked down and run over by defendant's horse and fish wagon while they were being driven by his son. The accident took place on the 1st day of August, 1913; and this

action was brought to recover damages for the personal injury received. A judgment was awarded plaintiff in the sum of $300, and defendant brings the case to this court.

The declaration avers that:

Defendant "wilfully, wantonly, and negligently managed, drove, and operated his said horse and wagon in a careless, dangerous way, and then and there with great force and violence collided with, drove into, knocked down, and ran over this plaintiff."

It is insisted by defendant that the words "wilful" and "wanton" make the charge one for gross negligence, and that the court was in error in permitting recovery for what may be called ordinary, actionable, negligence. In this defendant is mistaken as to the rule under such a declaration. Simply characterizing the negligence as "wilful" and wanton" does not prevent a recovery for ordinary negligence. *Richter* v. *Harper*, 95 Mich. 225 (54 N. W. 768); *Keating* v. *Railroad Co.*, 104 Mich. 418 (62 N. W. 575); *Gorton* v. *Harmon*, 152 Mich. 473 (116 N. W. 443, 15 Am. & Eng. Ann. Cas. 461).

The injury was received on Library avenue at or in the vicinity of its intersection with East Grand River avenue, in the city of Detroit. Plaintiff had come from near the Newcomb-Endicott's store, and was about to cross Library avenue to King's store. She claims that she was following the route generally taken in passing between those two stores, and that she was about eight feet from the south line of Grand River avenue. As she came to the west side of Library avenue, going east, she waited for a limousine to pass. The limousine was coming from the north and going south. She says that after it had passed her she started to take a step, or had taken a step, into the street. When asked how far she had stepped into the street, she replied:

"I could not say exactly, about a foot or two; simply started to step out; I don't know how far that would be."

Just as she stepped defendant's horse and fish wagon, coming from the east on Grand River avenue, turned southerly, knocked her down, and the wagon passed over her leg. This is her story. Defendant claims that she started to cross the street some 60 feet further south and in the middle of the block. According to his theory of the case, she had passed into the street between a couple of vehicles parked on the west side of it, and stepped out suddenly in front of the horse.

It is defendant's contention that a verdict should have been directed in his favor. The refusal of the court to do so raises the principal question in the case. Defendant claims that there was a failure to show any negligence in the driving of his wagon, and that the plaintiff herself was guilty of contributory negligence. In determining whether the case should have been taken from the jury it is, of course, necessary that the testimony should be construed as favorably to the plaintiff as is reasonably possible. She says that before stepping upon the street she looked south, and also looked north, and saw the limousine coming. When asked whether she saw any other vehicle following the limousine, she said:

"I did not see further than the limousine. The fish wagon was not coming from that direction; it was coming from east Grand River, coming from up around the corner from Broadway market."

She says that she did not see it until it was right upon her. A Mrs. Pigott, who stood near by at the time, testified:

"I waited for the limousine to pass and then this boy came around east Grand River, going south, recklessly coming right along, and if he had not been

stopped he would have come on the park. He was hanging around the side of the wagon, and did not seem to watch the direction he was going. He came from east Grand River and then turned south into Library road, and Mrs. Hook stepped off this walk, and just as she stepped off this boy came around and pulled the line, and instead of taking the center of the street, he pulled the lines, and naturally the horse went over this way, and Mrs. Hook was knocked down."

Another witness testified that:

"Mrs. Hook took a step off the curb and started for the crossing to King's, and this wagon came around the corner of Grand River avenue east, and the driver was looking in the back of the rig, and was not watching where he was going and the horse struck her first and knocked her down, and the front wheel passed over her."

If this testimony is true plaintiff cannot be said to have stepped in front of defendant's horse and wagon. The fact was, rather, that a careless driver, without looking to see who was in the way, pulled the horse over upon her. As we have said, this is denied by defendant, who claims that plaintiff suddenly stepped in front of the horse, farther down the street, while the driver was exercising due care. Considering all of the testimony, the negligence of the driver and the contributory negligence of plaintiff were fair questions for the jury. Counsel for defendant criticizes detached portions of the charge, but, taken as a whole, we think it was correct, and very fairly presented the case.

We are unable to discover any just cause for reversal, and the judgment is affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.