No. 23,722.

UNITED STATES FIDELITY & GUARANTY COMPANY, *Appellee,* v. ALBERT H. NOONEY et al. (THEODORE T. GRABSKE, *Appellant*).

### SYLLABUS BY THE COURT.

INDEMNITY BOND—*Terms Not Affected by Prior or Contemporaneous Oral Agreements.* When parties have deliberately put their engagements in a written contract in itself complete, it is deemed to be the best evidence of their agreements, and it is not competent for one of them to assert or show that there were oral, prior or contemporaneous negotiations and understandings as to conditional liability which are inconsistent with and contradictory of those in the written contract.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed May 6, 1922. Affirmed.

*J. K. Cubbison,* and *William G. Holt,* both of Kansas City, for the appellant.

*W. L. Wood,* of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by the U. S. Fidelity & Guaranty Company upon an indemnity bond given by Theodore T. Grabske, to indemnify the plaintiff against loss on a contract of suretyship. It was decided that the answer of the defendant did not state a defense, and from that ruling Grabske appeals.

From the pleadings it appears that Albert H. Nooney entered into a contract with the board of education of Kansas City to furnish material and install a heating apparatus in a high-school building. He procured the Guaranty Company to give a bond that the contract would be carried out. Before doing so the Guaranty Company required Nooney to give a bond indemnifying it against

loss by reason of its suretyship. That bond was signed by Grabske and this action is brought thereon. It appears that Nooney failed in the performance of his contract with the board of education and the Guaranty Company was obliged to pay a considerable sum of money to the board of education under its contract of guaranty. Grabske's defense was set up in an answer and was to the effect that he had been invited by one Taylor, the agent of the Guaranty Company, to sign the bond, and that as a consideration for signing it Taylor represented that he had arranged with the board of education that no money should be drawn by Nooney on the contract without the consent of Taylor and that Taylor assured him that no money would be paid on the contract except under the directions of Taylor, that he would not permit any money to be drawn for materials until it had been used on the building, and would permit no money to be paid to Nooney for personal use or the payment of his own labor, but that the Guaranty Company had failed to do so, and he insisted that therefore he was not liable on the bond. A demurrer to this answer was sustained, and the question is whether the written contract may be enlarged or affected by the alleged parol agreement.

It is elementary that a written contract in itself complete and free from ambiguity cannot be altered or enlarged by showing prior or contemporaneous oral agreements where the writing purports to be a full expression of the agreement. When parties have deliberately put their engagements in a written contract it is deemed to be the best and only evidence of their agreements, and it is not competent for one of them to assert or show that there were conditions or limitations of liability different from those specified in the writing. The indemnity contract in question is a complete instrument which purports to embody the conditions upon which the liability of defendant should depend. The pleaded oral agreement so closely relates to the subject matter of the writing as to be in fact a part of the transaction, and not only adds conditions not in the writing, but some of them are contrary to its terms and obligations. In such a case all prior or contemporaneous negotiations and understandings are deemed to be merged in the contract and must be determined from the writing itself. (*Van Fossan v. Gibbs,* 91 Kan. 866, 139 Pac. 174, and cases cited; *Stevens v. Inch,* 98 Kan. 306, 158 Pac. 43; *Underwood v. Viles,* 106 Kan. 287, 187 Pac. 881, and cases cited.)

The court ruled correctly in sustaining the demurrer to defendant's answer and its judgment is affirmed.