### HOWTON *v.* KEARNS.

NEGLIGENCE—PLEADING—RECOVERY FOR ORDINARY NEGLIGENCE PERMISSIBLE ALTHOUGH WILFUL NEGLIGENCE CHARGED—INSTRUCTIONS.

In an action for injuries plaintiff may recover as for ordinary actionable negligence, although the declaration counts on wilful acts alone, and therefore it was reversible error for the trial judge, in his instructions to the jury, to give them to understand, by the repeated use of the word "wilful," that she could recover only for wilful misconduct of defendant.

Error to Sanilac; Beach (Watson), J. Submitted October 9, 1923. (Docket No. 86.) Decided January 7, 1924.

Case by Dora Howton against John L. Kearns for personal injuries. Judgment for defendant. Plaintiff brings error. Reversed.

*Clink & Williams* (*A. B. Simonson,* of counsel)., for appellant.

*Walsh & Walsh,* for appellee.

Plaintiff brings this action to recover for damages to her car and for serious personal injuries to herself claimed to have been occasioned by a collision of her car with one owned and driven by defendant. In her declaration she charges the acts of defendant to have been "negligently, unlawfully, carelessly and wilfully" committed. Testimony offered by her took the question of a collision to the jury. Defendant and five other occupants of his car positively deny that there was any collision. Plaintiff's counsel preferred requests appropriately instructing the jury as to plaintiff's rights and defendant's liability in a case of ordinary negligence. These were refused and the jury was instructed by the court of his own motion in part as follows:

"The declaration in this case—the plaintiff's claim as it was formulated in what we call a declaration, claims a wilful, reckless injury by the driving by the defendant of his automobile into the automobile of the plaintiff. That is the claim in the declaration. Now, such being the claim, as I said to you, the burden of proof was on the plaintiff to show such wilful, reckless driving as caused a collision. The claim is that there was a collision between these two automobiles, and the plaintiff must be confined to that claim. The claim is that there was a collision produced by the wilful, reckless act of the defendant in the manner in which he drove his automobile. Now, that being the claim,

"As to plaintiff's contributory negligence, it is undisputed here that she was on her right side of the road—within her rights to the road, and—as far as the testimony is concerned I say to you as a matter of law that there is no contributory negligence shown here. The claim is not in plaintiff's declaration that she was so dazzled by the lights that she was unable to control her machine or see the road on which to drive, and consequently ran off the road. That is

not the claim in the declaration, and that is not to be considered by you because it is not the claim in the declaration. The direct claim was that she was injured by the reckless, wilful act of the defendant in running into her machine.

"Now, consequently, I say to you that the question of how the accident occurred, if the defendant did not produce a collision, is immaterial. The burden was on the plaintiff to show the collision. The burden was not on the defendant to show how the injury occurred, if it did not occur by collision, and you are not authorized and not required to speculate how that injury occurred, if it did not occur by reason of the collision. Consequently the question of whether she was dazzled is not very material. If the defendant recklessly and wilfully ran his machine into hers, it would not make any difference whether she was dazzled by the lights or could see the road to know what she was doing.

"Now, gentlemen, that being the sharp, real issue in the case, was there a collision produced by the act of the defendant, or was there not, if you find that there was no collision produced by the act of the defendant, your verdict would be 'no cause of action.' "

The trial judge then gave appropriate instructions on the question of damages and on being asked to define the word "wilful" said:

"Intentional. I think the jury understands that phrase."

Defendant had verdict and judgment, and plaintiff sues out this writ of error.

FELLOWS, J. (*after stating the facts*). The trial judge correctly charged the jury that plaintiff was not guilty of contributory negligence. He correctly charged the jury that plaintiff could recover only in case there was a collision. But by his repeated use of the word "wilful" his charge as a whole gave the jury to understand that plaintiff could recover only for "wilful" misconduct of defendant. The case, therefore, presents the question of whether a plaintiff

may recover as for ordinary actionable negligence where the declaration counts on wilful acts alone. Under the former decisions of this court we think this question must be answered in the affirmative. While the negligence of defendant must be set out in the declaration, the greater includes the lesser and a plaintiff may recover for ordinary negligence where he has alleged gross negligence as that term is commonly understood.

*Richter* v. *Harper,* 95 Mich. 221; *Keating* v. *Railroad Co.,* 104 Mich. 418; *Gorton* v. *Harmon,* 152 Mich. 473 (15 Ann. Cas. 461); *Hook* v. *Solomon,* 194 Mich. 517.

In the last cited case, it was said:

"It is insisted by defendant that the words 'wilful' and 'wanton' make the charge one for gross negligence, and that the court was in error in permitting recovery for what may be called ordinary, actionable, negligence. In this defendant is mistaken as to the rule under such a declaration. Simply characterizing the negligence as 'wilful' and 'wanton' does not prevent a recovery for ordinary negligence."

The plaintiff was entitled to go to the jury on the question of ordinary actionable negligence. The charge as it appears in this record and from which we have quoted at length, taken as a whole, did not submit her case on that theory. Nor are we persuaded that the last quoted paragraph of the charge relieved it of the taint of reversible error.

The judgment must be reversed with a new trial. Plaintiff will recover costs.

BIRD, SHARPE, STEERE, and WIEST, JJ., concurred with FELLOWS, J.

CLARK, C. J., and McDONALD and MOORE, JJ., concurred in the result.