## DENMAN v. HALL.

### No. 14727.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 9, 1945.

Rehearing Denied Jan. 4, 1946.

Simon & Simon, of Fort Worth, for appellant.

Sam Billingsley, of Fort Worth, for appellee.

SPEER, Justice.

This is an appeal by Roy T. Denman, doing business as Fort Worth Real Estate Exchange, from an adverse judgment in the County Court at Law No. 1, wherein he sued Jack Hall to recover $350 as commission as a licensed real estate broker for the sale of real estate owned by Hall.

Denman was the sole owner of the business conducted by the Fort Worth Real Estate Exchange, he perfected this appeal in his own name and will be referred to as appellant, and Jack Hall, defendant below, will be referred to as appellee.

At all times involved in this controversy, appellant was engaged in selling real estate for others, receiving a brokerage or commission for making sales. He sued on the exclusive listing contract with appellee which provided on its face for a price of $7,000 cash for his property and an agreement to pay 5% commission on the sale

price; appellee was to furnish an abstract of title and convey the property by warranty deed. That appellant found a purchaser ready, able and willing to pay the price as provided in the listing contract. Because of the limited and conditional listing of the property with appellant contended for by appellee, as disclosed by the record, appellee declined to let the deal go through.

Appellee answered by general denial and specially that he called appellant on the telephone and advised him that he would list with appellant his property for sale provided by the terms of any contract of sale that appellant should make, the appellee should have the right to lease the garage apartment and space for a car in the garage at a price agreeable to him and any prospective purchaser. That thereafter one Gilbert Dalton, as agent and representative of appellant, came to the appellee at the latter's place of business to procure the written listing of said property as was the custom of appellant. That before signing the written listing contract and contemporaneously therewith, appellee told Dalton that he was signing the instrument, but under no conditions should such listing contract be effective unless the appellant should make known to and arrange with any prospective purchaser that he, the appellee, should lease the garage apartment and car space at a price to be agreed upon, until such time as the appellee could build a new home under regulations permitting him to purchase materials. That the said Dalton well understood the conditions under which appellee was willing to list his property for sale. That appellee told Dalton to inform appellant of said conditional listing when he returned to the office, and if not satisfactory to appellant, then Dalton should call appellee on the telephone and so advise him. That unless appellant assented to such condition, then the written listing contract should not become effective. Allegations were made in the answer that appellant found a proposed buyer of the property at the price at which it was listed, but said buyer was unwilling to lease to appellee said apartment and garage according to the conditional listing of the property by appellee with appellant. He alleged that because of said conditional listing and a failure upon the part of appellant to find a buyer ready, able, and willing to purchase upon the conditions under which the listing contract was made, no contract or listing ever went into effect with appellant and he was therefore not entitled to recover brokerage for having made a sale not in keeping with the conditions and terms of the actual listing.

Trial was had to the court without a jury and judgment was entered that plaintiff (the appellant) take nothing. Hence, this appeal.

At the request of appellant the court filed findings of fact and conclusions of law. The substance of these findings, deemed by us decisive of this appeal, is:

(1) The exclusive listing contract executed by appellee to appellant was delivered to appellants' employee, Dalton, upon condition that the same was to be effective only in the event the appellee could negotiate for and obtain a lease upon the garage apartment, and that said exclusive listing contract was not to become effective except upon the condition made at the time of the execution and delivery of the listing contract.

(2) The appellant did obtain a purchaser ready, willing, and able to purchase at the price named but said purchaser failed and refused to recognize the condition under which said exclusive listing contract was delivered.

(3) The purchaser refused to purchase the property unless he could obtain possession of the entire premises.

(4) Appellee refused to sell and convey the property described in the exclusive listing contract because the condition upon which said contract was delivered was not recognized by appellant, nor complied with by his purchaser.

(5) That the appellee proved all of the material allegations of his answer to appellant's petition.

By a supplemental finding of fact the court found: (a) That there was corroborating evidence to that of the appellee which to the court shows that the exclusive listing contract was conditionally delivered to appellant by his employee Dalton, and that Dalton admitted that the condition claimed by appellee was discussed with him before the execution of the listing contract, but that Dalton denied that the exclusive listing contract was to be effective only upon such condition. (b) That the exclusive listing contract by appellee to appellant was obtained upon the representation of appellants' agent, Dalton, that the same was not to become effective as a

binding contract except upon the conditions outlined by the appellee to the effect that he was to have a lease upon the garage apartment from any prospective purchaser; otherwise, such listing was not to become effective. (c) That the prospective purchaser and his wife had knowledge of the conditions made by appellee to the listing of his property with appellant prior to the time the purchaser agreed with appellant to buy the property. (d) That the failure of appellant and the prospective purchaser to comply with the condition under which the exclusive listing contract was executed and delivered caused the said contract never to take effect or to become a binding obligation upon the appellee until the happening of the event or condition named by appellee was agreed to be carried out by the purchaser. The court concluded as a matter of law:

1. That appellee, in seeking to enforce the condition upon which the listing contract should become effective, did not seek to vary or contradict the terms of the written contract.

2. The contract was reduced to writing and delivered conditionally and not to take effect except upon the happening of a certain event agreed to by the parties and when the condition did not happen the contract did not become a binding obligation.

3. Because of the fiduciary relationship between appellee and appellant as his agent, the strictest integrity and fairest dealing is required of the agent to his principal and his failure to recognize the condition under which the exclusive agency contract sued upon was delivered precludes appellant from a recovery.

Appellant relied upon two points of error for reversal. They are in substance: (1) Error of the court in failing to render judgment for appellant, because he asserts that appellant found a purchaser of the property ready, able, and willing to buy at the agreed price of $7,000; and (2) error of the court in admitting testimony as to the oral understanding made prior to or contemporaneously with the delivery of the written listing contract, which oral understanding was to the effect that any proposed purchaser should be required to negotiate a lease of the garage apartment to appellee.

We think a determination of the second point is decisive of the first. This for the reason, if the court properly admitted evidence of the oral understanding claimed by appellee to the effect that he was only giving to appellant the exclusive listing for ninety days on the condition that appellant would only sell to a purchaser who would obligate himself to lease the garage apartment to appellee, and appellant did not observe that condition, then appellant had no listing since the purported written instrument of listing never went into effect; it would follow that there was no error in failing to enter judgment for appellant as complained of in his first point.

It must be conceded that the written contract of exclusive listing appears upon its face to be complete within itself, and if it was ever delivered in such manner as to make it effective as per its terms, the appellant fully performed it and earned his brokerage.

As we view the situation before us, evidence of the contemporaneous oral conditions placed upon the delivery of the written listing, limited the effect of the language contained therein to the conditions upon which it was delivered, and rendered the oral understanding of the conditions admissible in evidence.

Appellant relies upon the well-recognized rule that parol evidence was not admissible to vary or contradict the terms of the written instrument; citing 17 Tex.Jur. 793, Sec. 352, and page 791 of the same text. Appellant relies upon many other cited cases to support his contentions, which cases were decided and applied to the rule under our Statutes of Frauds.

That rule laid down in those cases when applied to the facts involved cannot be successfully denied. But the controlling question before us is not one of varying or contradicting the terms of a written instrument by parol evidence; it is one of determining whether or not the exclusive listing of the property with appellant ever became effective according to its terms and reading.

This is not an action by one who was not a party to the transactions between appellant and appellee, but this suit is between the parties to the contract, such as it was. The written contract of listing relied upon by appellant was entirely silent as to anything referable to the asserted conditions by appellee upon which its physical possession was delivered to appellant. The general rule seems to be that in such circumstances parol evidence may be intro-

duced to show that a condition precedent was agreed upon before the written instrument should become an effective binding obligation upon the parties, and that where oral testimony is offered to establish that condition precedent, it does not have the effect to vary or contradict the terms of the written instrument, and hence not in violation of what is commonly called the "parol evidence" rule. Travers-Newton Chautauqua System v. Naab et al., 196 Iowa 1313, 196 N.W. 36, 32 A.L.R. 780.

In Meeks v. Holmes Commerce Co., Tex. Civ.App., 154 S.W. 365, 366, a written order for merchandise was signed by a proposed buyer, and when the goods were shipped the buyer declined to accept them and the seller sued him for the purchase price. The buyer contended that he had an oral understanding with the seller, at the time he signed the order, that the goods were not to be shipped unless the buyer thereafter ordered them shipped. It was held that the oral agreement was a condition upon which the purported sale was made and was admissible in evidence. It was there held that the oral testimony did not have the effect to vary the terms of the written order, but was admissible to show that "the written instrument (the order for goods) was never, in fact, delivered as a present contract, unconditionally binding upon the plaintiff (purchaser) in error * * *."

In Watson v. Rice, Tex.Civ.App., 166 S. W. 106, 108, writ refused, a similar situation to that before us was involved. There Watson had sold to Rice certain machinery for which Rice executed his negotiable notes and delivered them to Watson with the oral understanding that if Rice was not satisfied with the machinery at the end of ninety days it could be returned and Watson would surrender his notes. Watson sold the notes to a third party, and Rice was required to pay them and sued Watson for the amount he had to pay to redeem his notes upon the parol agreement made between the parties when the notes were delivered. It was held that if Watson had sued Rice on the notes, Rice could have interposed, as a defense, the parol agreement between the parties, and that it would not have infringed the parol evidence rule as against the written instruments; also, that Rice was in no worse position to rely upon the parol agreement after having paid the notes to the purchaser from Watson. That court announced the rule in this language:

"If the writing (the notes) is invalid so that it never had any legal effect, the rule denying the admission of parol evidence has no application, and likewise where its validity is questioned on the ground of fraud. 2 Elliott on Contracts, § 1629." The court further quoted with approval from the same writer language to the effect that parol evidence of a condition precedent is admissible in defense of a written obligation, and does not have the effect of varying the terms of the obligation but to show that the condition had not happened and therefore that no contract between the parties ever came into existence. Such is the contention of appellee in the instant case.

In Nelson v. Boggs, Tex.Civ.App., 177 S.W. 1005, a written contract to convey certain real estate was involved. The purchaser sued the seller for breach of his contract, and it was held that the vendor could show by parol evidence that at the time of executing and delivering the contract of sale, it was mutually agreed that the obligation should not be binding unless he could procure the legal title then outstanding in another party. That court cited and relied upon the Watson-Rice case, supra, and Burke v. Dulaney, 153 U.S. 225, 14 S.Ct. 816, 38 L.Ed. 698.

The Commission of Appeals with the approval of the Supreme Court held in Rector v. Evans, 6 S.W.2d 105, 107, that a suit on an instrument in writing, perfect on its face, may be defended upon the ground that it was executed and delivered "for a special purpose only." Parol evidence in support of the defense does not violate the rule of evidence forbidding the contradiction, change, or alteration of a written instrument.

In Baker v. Baker, Tex.Sup., 183 S.W. 2d 724, 726, the court had under consideration the validity of a general release of "all claims, demands, choses in action, or other right of action, of every character and description, past, present, and future. real or fancied, whether the same be enumerated herein or not." The effect of that release was contested upon the ground that the instrument was conditionally executed and delivered subject to a contemporaneous oral agreement that the transaction was not to be complete and the release was not to take effect until the opposing party performed his oral agreement to deliver certain stocks and shares and certain other enumerated oral agreements reached be-

tween the parties. It was held that since the release was silent about the conditions of delivery as contended for by the party contesting its validity, the parol evidence rule was not violated by the admission of testimony in support of the contention that it was delivered conditionally upon the performance of the oral agreement.

Applicable to the principle involved in the instant case, it might be said that there is some contrariety of opinions. More especially with reference to a rule controlling different situations, such as an asserted parol agreement concerning extension of time for payment of a valid written obligation and conditional agreements under which the instrument is delivered. There is a distinction made in the two types of conditions. A parol condition affecting the delivery of an instrument by which its effectiveness may be determined may be shown by parol testimony under the provisions of the Negotiable Instrument Act. Sec. 16, Article 5932, R.C.S. Whereas the parol agreement affecting the payment of a delivered written instrument is not enforceable if it operates to add to, take from, or vary the terms of the written agreement, such as agreements that if the maker cannot pay at the maturity shown in the instrument, the payee will extend maturity date. Helmke v. Prasifka, Tex.Civ.App., 17 S.W.2d 463, writ of error refused.

In the case before us the substance of appellee's defense to the exclusive listing contract sued on is that the contract was delivered to become effective only in the event appellant should sell the property to some person who would negotiate a lease contract with appellee by which he could pay rentals and occupy the garage apartment and a car space. It is obvious that this condition was disregarded by appellant and if it be established as a fact that such the contract, and that it was disregarded, appellant had no listing upon which to base this suit. Under the authorities cited we believe such conditions, if they existed, could be proven by parol evidence, as the trial court permitted in this case, and that no error is shown for his having done so. The evidence on the point is somewhat conflicting, but since the trial court adopted appellee's theory in this respect, the evidence was abundantly sufficient to support the judgment, as well also to support the court's finding of facts.

For the reasons above shown, we overrule both points of error and affirm the judgment of the trial court.

### On Motion for Rehearing

Speaking for the majority on the motion, we believe, as indicated by the original opinion, that appellant did not have an effective written agreement or memorandum thereof for the sale of appellee's property, as a basis for his suit for brokerage, as required by Section 22, Article 6573a, Vernon's Annotated Texas Statutes.

It is fundamentally true that before a written instrument becomes binding upon the parties thereto, it must be both executed and delivered with the intention that it shall become binding; one is as essential as the other. It may be executed with all the solemnities necessary, yet if not delivered, it never becomes effective.

Under the facts, as found by the trial court in this case, supported by the evidence, appellee did execute the instrument, but delivered it to appellant through his agent, with the definite understanding that it should not be effective unless and until appellant made a sale to some person who would negotiate a lease to appellee on the garage apartment, and with the further condition that if such conditional listing were not satisfactory to appellant, appellee was to be called on the telephone and so advised. Appellee was not called and he had the right to presume the conditional listing was satisfactory to appellant. By appellant's silence he consented to the conditional listing.

The parol evidence offered to prove the conditional listing, of which complaint is made in the point of error under consideration, went to the issue of whether or not appellant held the written listing as a binding contract, and not to a contradiction, variance or adding to the terms thereof, and under the authorities cited, we believe, does not fall within a violation of the parol evidence rule.

The undisputed testimony shows that appellant disregarded the conditions under which he held the exclusive listing agreement. We believe and so hold that as between the parties to the instrument, appellant had no effective and binding written agreement or memorandum thereof, upon which he could support an action for brokerage in this case.

The majority adheres to the conclusions expressed in the original opinion and we therefore overrule the motion for rehearing.

McDONALD, C. J., dissenting on Motion for Rehearing.

McDONALD, Chief Justice (dissenting).

After giving further consideration to this case on motion for rehearing, I find myself unable to agree with the views set forth in the majority opinion.

"The parol evidence rule presupposes the existence of a valid contract, and its application is involved only where the existence of a written agreement between the parties is shown." 17 Tex.Jur., p. 833. It is for this reason that, in a proper case, it may be shown by parol that the written contract never came into existence. It may be shown by parol, for instance, that the contract was delivered subject to a condition that it should become effective only upon the happening of some event not mentioned in the contract. But the rule last stated is not without its limitations. The alleged condition precedent to the existence of the contract, which it is sought to prove by parol, must not be inconsistent with the written instrument itself. If the alleged condition is inconsistent with the terms of the written instrument itself, then the practical result is that the written terms are varied by parol, a result within the inhibition of the parol evidence rule. As is well said in Frischkorn Real Estate Co. v. Hoskins, 226 Mich. 30, 196 N.W. 888, 889: " * * * the rule is well established, that, to permit evidence of a preliminary or contemporaneous oral agreement, it must appear that it is consistent with the terms of the writing, not negatived by the writing itself, that it does not tend to vary or contradict the written instrument, and that its terms are independent of those which the writing purports to express. 22 C.J. 1245; 10 R.C.L. 1035. If the writing deals with the particular element of the negotiation sought to be proven, evidence thereof is not admissible."

For opinions in which similar views are expressed, see Pleasant v. Arizona Storage & Distributing Co., 34 Ariz. 68, 267 P. 794; Chicago Title & Trust Co. v. Cohen, 284 Ill.App. 181, 1 N.E.2d 717; United States Fidelity & Guaranty Co. v. Grabske, 111 Kan. 271, 207 P. 322; Hanrahan-Wilcox Corp. v. Jenison Machinery Co., 23 Cal. App.2d 642, 73 P.2d 1241.

The rule is thus stated in Restatement of the Law of Contracts, Sec. 241: "Where parties to a writing which purports to be an integration of a contract between them orally agree, before or contemporaneously with the making of the writing, that it shall not become binding until a future day or until the happening of a future event, the oral agreement is operative if there is nothing in the writing inconsistent therewith."

Williston says that "evidence of an oral condition that is repugnant to the condition stated in the writing, or is offered in substitution for it, is inadmissible." Williston on Contracts, Revised Edition, Sec. 634. Vol. 3, page 1826.

In Travers-Newton Chautauqua System v. Naab, 196 Iowa 1313, 196 N.W. 36, 37, 32 A.L.R. 780, the court, after noting the rule that parol evidence may be offered to show that there was a condition precedent to the delivery of a written contract, says: "This rule is of necessity applied in cases where the written instrument itself is silent on the subject-matter of the condition precedent which it is sought to establish by parol. But, where the written instrument speaks on the very subject-matter of the condition precedent which it is sought to establish by parol, then a different rule must obtain. In such an instance, the writing itself is sought to be obviated or modified by proof of a contemporaneous parol agreement, and this cannot be done."

It is in the application of the above-stated rules to the situation before us that I reach a conclusion different to that expressed in the majority opinion.

Appellee Hall owned a residence. Appellant Denman, doing business under the trade name indicated, was a real estate broker. Under the terms of the Real Estate Dealers License Act, Article 6573a, Sec. 22, Vernon's Ann.Tex.St., Acts 1939, 46th Leg., p. 560, he could not recover a commission for selling appellee's real estate in the absence of a written agreement or some memorandum thereof between appellant and appellee. Appellee signed a writing bearing the style of "Exclusive Agency Contract With Option to Purchase." In such writing appellee appoints appellant exclusive agent for the sale of appellee's said real estate, giving the legal description

thereof. The price is stipulated at $7,000 cash. Abstracts certified to date will be furnished. Conveyance will be by general warranty deed. Provision is made concerning the brokerage commission. The agreement is signed by appellee, and by an agent for appellant.

Appellant found a purchaser willing and able to buy the property for $7,000 cash. Appellee refused to sell, and appellant claims his commission. Appellee seeks to avoid payment of the commission by showing that, at the time the agreement was signed and put into the hands of appellant's said agent, it was delivered to said agent, to quote from the findings of fact of the trial court, "upon condition that the same was to be effected only in the event the defendant, as owner, could negotiate for and obtain a lease upon the garage apartment, and that said Exclusive Listing Contract was not to become effective except upon the condition made at the time of the execution and delivery thereof."

That there is an irreconcilable conflict between the terms of the condition sought to be shown by parol, and the terms of the written agreement, is apparent. Under the written agreement appellee is to sell the property for $7,000 cash, and convey by general warranty deed. Under the terms of the so-called condition of delivery, he is bound to sell only in the event he can obtain a lease from the purchaser on the garage apartment. Appellee testified that he instructed appellant's agent to notify appellant of the condition, and to tell appellant to call appellee on the telephone if the condition was unsatisfactory. Suppose appellant had called appellee on the telephone, and had agreed to terms different from those contained in the written contract. We would then clearly have a case of an attempt to vary a written contract by parol. No court would hear the appellee say that he and appellant had a contemporaneous oral contract different from that expressed in the writing. But the result reached in this case is for all practical purposes the same. Appellant, complying with the statute, entered into a written agreement with appellee. Now he is denied the benefit of his written contract by proof of an alleged contemporaneous oral agreement which is inconsistent with the terms of the writing. Let us see how the rule contended for by appellee would work if the situation were reversed.

Suppose the written contract had provided that appellee would sell the property only if he could obtain a lease on the garage apartment from the purchaser. Suppose appellant had found a purchaser willing to buy the property only if he could obtain possession of the entire premises. Then suppose appellant had sued for his commission, claiming that the written agreement was delivered to appellee on condition based upon oral agreement that appellee would not insist on the written provision respecting the lease of the garage apartment. It would be an unusual construction of the statute to allow recovery of a commission under such circumstances, and contrary, I believe, to the purposes for which the statute was enacted.

The condition which appellee seeks to prove by parol is not, as I see it, in its essence a condition precedent to delivery, but it is a condition pertaining to performance of the contract. There is no way in which the written contract can be performed according to its terms, and effect also be given to the terms of the so-called condition. The written contract calls for sale of the property with no strings attached, to employ a common expression. But under the alleged parol agreement of the parties appellee was bound to sell, and to pay the commission, only in the event the purchaser would agree to lease the garage apartment to appellee on some acceptable basis. When, it may be asked, would the written contract signed by appellant ever go into effect in such manner that all of its terms would become effective? The rule pertaining to conditions precedent to delivery contemplates that upon the performance of the condition precedent the written contract will then become effective according to all of its terms and provisions. That could never happen under the theory presented by appellee.

I have written at some length, because I believe that the theory reflected in the majority opinion goes a long way toward defeating the purposes of Section 22 of the statute above cited.

This is not a case, under the pleadings and findings of the court, where the execution of the contract was obtained by fraud or duress, nor it is one where it was understood between the parties that still other provisions were to be embodied in the written contract before delivery.