## DENMAN v. HALL.
### No. 14727.

Court of Civil Appeals of Texas.
Fort Worth.
May 31, 1946.

———◆———

Simon & Simon, of Fort Worth, for appellant.

Sam Billingsley, of Fort Worth, for appellee.

SPEER, Justice.

This appeal came to us late in 1945. At that time by a majority opinion we affirmed the judgment of the trial court, Chief Justice McDonald dissenting. The majority and minority opinions were improvidently published. Denman v. Hall, 191 S.W.2d 74. Motion for rehearing and alternatively to certify was timely filed by the appellant. We certified to the Supreme Court the point of law upon which the members of this court differed and left the motion for rehearing pending on our docket.

The Supreme Court answered our certified questions adversely to the conclusions expressed by the majority opinion. See Denman v. Hall, Tex.Sup., 193 S.W.2d 515.

It now becomes our duty to sustain appellant's motion for rehearing, withdraw the original majority opinion, set aside the judgment entered thereon, and substitute this opinion for the majority opinion withdrawn.

Briefly stated, this action was by Roy T. Denman, doing business as Fort Worth Real Estate Exchange, against Jack Hall, in County Court at Law No. 1, Tarrant County, Texas, for $350 commission or brokerage for a sale by Denman of real estate belonging to Hall, under a written contract of listing duly executed between the parties. Upon a jury trial and special issues a verdict favorable to defendant was returned, and a take nothing judgment was entered from which plaintiff Denman appealed.

The pleadings of the parties, the pertinent facts proved, and the jury findings are sufficiently set out in the majority and minority opinions, and we deem it unnecessary to repeat them here since the other opinions have already been published; we refer to them for clarification of the issues involved.

It will be observed that the sole basis for the judgment entered by the trial court was the evidence adduced by defendant Hall, admitted over the objections of Denman, to the effect that Hall (the owner) executed and delivered the listing contract upon a parol agreement between the parties to the effect that the listing contract should not become a binding obligation, except upon the happening of a certain event, all detailed in the original opinions.

Evidence of the parol agreement was admitted by the trial court over the objection, substantially, that it tended to vary and to contradict the terms of the written contract of listing sued on; in short, that it was in violation of the parol evidence rule.

The precise question of law was certified by us to the Supreme Court, as indicated by the opinion of the Supreme Court in answer to our questions. Denman v. Hall, 193 S.W.2d 515. It is apparent from the last-cited opinion that the testimony was inadmissible and without which testimony the defendant Hall could not defeat Denman's right of recovery.

We therefore grant appellant Denman's motion for rehearing, withdraw our former majority opinion, set aside our judgment entered thereon, and reverse the judgment

of the trial court and here render judgment for Roy T. Denman in the capacity in which he sued, against defendant Jack Hall, for $350. Said amount to bear interest from this date at the rate of six per cent per annum. All costs will be taxed against defendant Jack Hall.