NELSON v. BOGGS. (No. 7379.)

(Court of Civil Appeals of Texas. Dallas. June 12, 1915.)

1. APPEAL AND ERROR ☞737—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Under Rev. St. 1895, art. 1018, requiring appellant or plaintiff in error to file assignments of error distinctly specifying the grounds on which he relies, an assignment of error asserting that the court erred in overruling general and special demurrers to the answer was too general to require consideration where there were several exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3030–3032; Dec. Dig. ☞ 737.]

2. EVIDENCE ☞444 — PAROL EVIDENCE TO VARY WRITING—SHOWING CONDITIONAL DELIVERY.

Where a contract for the sale of land was delivered to a third party, the vendor could show by parol that it was not to take effect and become an absolute obligation, unless he was able to procure a conveyance of the land from another party, as this did not contradict the writing, but simply proved that there never was any concluded contract, and this rule applies as well where the contract involved is one for the sale of land as where it is one relating to a commercial transaction or a sale of personal property.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1929–1944, 2049; Dec. Dig. ☞ 444.]

3. APPEAL AND ERROR ☞544—RESERVATION OF GROUNDS OF REVIEW—EXCEPTIONS.

Under Act 33d Leg. c. 59, the giving or refusal of charges cannot be reviewed by an appellate court unless bills of exception are taken to the court's action.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. ☞ 544.]

4. APPEAL AND ERROR ☞742—ASSIGNMENTS OF ERROR—SUFFICIENCY.

In an action for a forfeit under a contract for the sale of land defended on the ground that the contract was not to become effective unless defendant could procure a conveyance from a third party, plaintiff assigned as error that the court erred in permitting defendant to open and close because such action gave defendant an advantage over plaintiff in the argument, and because defendant admitted the contract sued on, but denied its legal effect and whereas taking the whole facts necessary to make out defendant's liability plaintiff was entitled to open and close. The assignment was not submitted as a proposition, no proposition was advanced under it, and no statement in support thereof, such as is required by the rules was made. *Held,* that the assignment could not be considered, especially as the burden of proof was on defendant, and so far as anything to the contrary appeared from the assignment of error, he was entitled to open and close.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742.]

Appeal from District Court, Kaufman County; F. L. Hawkins, Judge.

Action by John Nelson against George E. Boggs. Judgment for defendant, and plaintiff appeals. Affirmed.

Woods & Morrow, of Kaufman, for appellant. Ross Huffmaster and Wynne & Wynne, all of Kaufman, for appellee.

TALBOT, J. The appellant, John Nelson, brought this suit against appellee, George E. Boggs, to recover the sum of $560 as a forfeit for an alleged breach of a written contract signed by appellant and appellee for the sale and purchase of a tract of land situated in Kaufman county, Tex. The contract declared on describes the land and is dated the 30th day of December, 1913. It recites in substance, that the appellee, Boggs, "agrees to sell and does sell" to the appellant, Nelson, the land therein described; that the appellant, Nelson, "agrees to buy and does buy said land, and agrees to pay the sum of $3,200 for same as follows: '$560 cash, the balance to be divided into notes so that the principal and interest will amount to $300 per annum, the notes to be in the usual form of vendor's lien and to bear 8 per cent. interest per annum from January 1, 1914, the interest payable annually as it accrues.'" The contract then stipulates that appellee will furnish an abstract showing a good title to the land, and pay interest on all outstanding indebtedness to January 1, 1914, and taxes to include 1913, and to give appellant, Nelson, possession of the premises, upon said cash payment by January 15, 1914, "in as good condition as same is now in except natural wear and inevitable results." The contract contains the further recitations, in substance, that the appellee, Boggs, attaches to the contract his check in the sum of $560 as a forfeit, and the appellant, Nelson, attaches a bill of sale to certain personal property, and that should the said Boggs do all the things agreed to be done by him, and the said Nelson then fails and refuses to perform his part of the contract, then the said Boggs shall receive all the property described in said bill of sale as a forfeit, and that should the said Boggs fail and refuse to perform his part of the contract, then the said Nelson shall receive said check for $560 as a forfeit, and there shall be no further cause of action in the premises. The contract further recites that:

"It is understood that George G. Shaw shall hold contract and all papers pertaining thereto for said parties in trust."

The appellant alleged that a few days after the contract for the sale and purchase of the land in question was executed, the appellee notified appellant that he would not carry out said contract, and thereupon breached the same without any fault on the part of appellant; that appellee willfully and wrongfully breached said contract, although appellant was then ready, willing, and able to carry out his part of the contract; that on or about January 15, 1914, appellant tendered performance of said contract, but that appellee still persisted in his breach and violation thereof; that appellant demanded the forfeit provided for in the contract in case appellee refused to perform his part thereof, and that this was refused.

---

The appellee answered and admitted the execution and delivery of the contract and the posting of the forfeit to bind the parties thereto; but he pleaded that, at the time the contract was so executed and delivered, it was delivered and executed under certain conditions and contingencies; that it was placed in escrow in the hands of George G. Shaw, to await the happening of an event, before it was to have life; that the title to said land was in one Sutton, and the contract was not to take effect and not to be binding unless the defendant could get the title out of Sutton; that the contract should have contained this stipulation, but that by mistake of the draughtsman and by mutual mistake and oversight the said condition and contingency had been omitted. That at the time the same was delivered, the fact was mentioned and each party agreed that the condition was so well understood that it need not be changed. The defendant further pleaded that:

"The conditions upon which the contract had been executed had failed, and that the said contract had never taken life and had never taken the binding effect as to be enforceable upon the plaintiff or the defendant."

By supplemental petition appellant demurred generally and specially to the "answer of appellee," asserting in his special exceptions that said answer shows on its face that it is an attempt to avoid a written contract full and complete in every particular, by ingrafting upon it a contemporaneous parol agreement. Appellant, by his supplemental petition, also denied the allegations of the appellee's answer, and pleaded that the matters set up by appellee was a scheme and plan to overreach and defraud appellant. The appellee, by supplemental answer, denied the allegations of the appellant's petition, and pleaded that the contract declared on had been drawn by the agents of the appellant. That he, appellee, at all times, stood ready to carry out his part of the contract, if the conditions and contingencies under which it was executed had come to pass. It appears that the contract of sale, and the check and bill of sale put up by the respective parties as a forfeit in the event he failed to perform his part of the contract were left with George Shaw in escrow, and the sole issue submitted to the jury upon the trial was whether or not at the time said contract, check, and bill of sale were signed and left with said Shaw, it was understood between appellant and appellee that the trade was not to be effective if appellee Boggs could not get the land contracted to be sold from one Sutton. This issue was resolved by the jury favorably to appellee. Judgment was thereupon rendered for him, and the appellant's motion for a new trial being overruled, he appealed.

[1, 2] The appellant's first assignment of error, which is submitted as a proposition, is as follows:

"The court erred in overruling the plaintiff's general and special demurrers to defendant's amended original answer wherein the defendant sought by his pleading to avoid the contract sued on by plaintiff by setting up a contemporaneous parol agreement in avoidance of plaintiff's contract sued on."

His second assignment of error is that:

"The court erred in the admission of the testimony offered by the defendant to prove a contemporaneous parol agreement tending to avoid and to render null and void the contract sued on by the plaintiff, and to contradict the terms thereof."

The proposition under this assignment reads thus:

"A contemporaneous parol contract cannot be ingrafted onto a written contract so as to render the same null and void and of no effect by parol testimony, for the same is without consideration and void, and the law is that all parol agreements, both antecedent and contemporaneous, are concentrated into and merged into the written contract which must bind the parties."

A consideration of the first assignment is objected to by appellee, in effect, on the ground that it is too general; that is, that it does not distinctly specify the ground of error relied on, and does not point out that part of the proceedings contained in the record in which the error is complained of, in a particular manner, so as to identify it. The objection is unquestionably well taken. It has often been held that an assignment of error complaining that the court erred in overruling a general demurrer and special exceptions where there were several exceptions points out no distinct error, and is too general to require consideration. We cite only a few of the great number of cases so holding. Paschal v. Owen, 77 Tex. 585, 14 S. W. 203; Caldwell Co. v. Harbert, 68 Tex. 325, 4 S. W. 607; Railway Co. v. Leak, 64 Tex. 656; Wetz v. Wetz, 27 Tex. Civ. App. 597, 66 S. W. 869; Rev. St. art. 1018. But the same legal question sought to be raised by the first assignment arises on the second assignment of error. The legal proposition asserted under this assignment is, in substance, the familiar one that parol evidence is not admissible to vary or contradict the term of a written contract. That such is the general rule is too well established to admit of any controversy whatever, and is not denied by appellee. He contends, however, that he did not seek by his pleadings to vary that general rule, and that the evidence admitted over the objections of appellant and of which appellant here complains, does not have that effect; that the purpose of his pleadings and the evidence admitted thereunder was to show that the contract in question never took effect, and became a binding obligation. In support of this contention he asserts, as a well-established proposition of law, that:

"Where a contract is reduced to writing and is delivered conditionally, that is, not to take effect and become a valid and binding obligation except upon the happening of a certain event agreed to by the parties, the contract does

not become a binding obligation until the happening of the event or condition."

That this position of appellee is correct and supported by many authorities is clear. The issue was between the original parties to the contract, and the evidence offered and admitted "did not in any true sense contradict the terms of the writing in suit, nor vary its legal import." Like the evidence in the case of Meeks v. Holmes Commerce Co., 154 S. W. 365, its effect was simply to show that the written instrument was never in fact delivered as a present contract, unconditionally binding upon the appellee, according to its terms, from the date of its delivery, but was left in the hands of George G. Shaw, according to the testimony offered by appellee, to take effect and become an absolute obligation of appellee only in the event he was able to procure a conveyance of the land from one Sutton. The appellant denies that it was the agreement that the contract was not to take effect and become binding unless appellee could procure a deed to the land from Sutton, but appellee testified that it was only upon such a contingency that the written instrument upon which appellant's suit is predicated was to become a contract binding upon the parties thereto. So as similarly said by this court in Meeks v. Holmes Commerce Co., supra, evidence of such an oral agreement and that the contingency never happened, would not be in contradiction of the writing. It would simply prove that there never was any concluded contract entitling the appellant to enforce its stipulation. Burke v. Dulaney, 153 U. S. 228, 14 Sup. Ct. 816, 38 L. Ed. 698; , Elliott on Contracts, § 1636. The rule is very clearly expressed by the Court of Civil Appeals for the Seventh District, in Watson v. Rice, 166 S. W. 106, in the following language:

"A party who concedes that the instrument evidencing the contract was placed in the possession of the party seeking relief, but claims that the latter took it with the understanding that it was not to go into effect until the happening of some other or further event, and that such event has not transpired, is not considered as one seeking to vary or contradict a written contract, but is one endeavoring to show that no contract between the parties ever in fact came into existence. For this reason evidence of such conditions precedent is held admissible. The cases which so hold merely give recognition to the well-settled rule that an instrument may be delivered by one party to another to take effect on the happening of a contingency, and that, by such collateral agreement, the legal operation of the writing is merely postponed until the happening of the contingency."

The pleadings and evidence in the present case are sufficient to show that the written contract, upon which appellant's alleged cause of action is founded, was executed and delivered, upon the condition that appellee could get the title to the land contracted to be sold out of Mr. Sutton; that the title had passed out of Sutton before he could obtain it; that he could not obtain it, and therefore the condition and contingency upon which

the contract was to take effect had not happened and was not enforceable. The rule applies, contrary to the view expressed by counsel for appellant, as well where the contract involved is one for the sale of land as where it is one relating to commercial transaction or sale of personal property.

[3] There are several assignments of error complaining of the court's refusal to give certain charges requested by appellant. These assignments cannot be considered because the record does not show that bills of exception were taken to the action of the court. In order to have the ruling of the court in giving or refusing charges reviewed by the appellate court it is essential, under the Acts of 33d Legislature, and numerous decisions in this state, that the complaining party reserve proper bills of exception to such ruling and incorporate such bills in the transcript on appeal. This is so well settled that we need not cite the authorities.

[4] The next assignment of error is that:

"The court erred in permitting the defendant's counsel, over the objections of the plaintiff, .to open the argument on the trial of this cause, and to close the same to the jury, because the said action of the court tended strongly towards giving the defendant the advantage over the plaintiff in the argument of the case, and because the defendant admitted the contract sued on, but denies its legal effect and denies that it was a binding obligation, whereas, in taking the whole facts necessary to make out the defendant's liability under the pleadings in this case, the plaintiff was entitled to the opening and closing the argument by counsel in his behalf."

This assignment cannot be considered. It is not submitted as a proposition, no proposition is advanced under it, and no such statement in support thereof, as is required by the rules for briefing a case, is made. How the action of the court in permitting the appellee's counsel to open and conclude the argument "tended strongly towards giving the defendant the advantage over the plaintiff in the argument of the case" is not pointed out, nor are the facts, or any sufficient part of the facts, in evidence which, notwithstanding the admission of the appellee, as stated by appellant, shows that appellant was entitled to open and conclude the argument, are stated. Besides, the record and the assignment of error under consideration disclose that the execution of the contract, upon which appellant's suit is based, was admitted by the appellee; that the burden of proof to establish the defense urged by appellee, to the effect that said contract never took effect and became binding upon him, was upon appellee, and that he assumed such burden in the trial of the case. This was practically the only issue in the case, and the burden of proof upon that issue being upon appellee and he having assumed it, he was entitled to open and conclude the argument so far as anything to the contrary appears from appellant's assignment of error complaining of the court's action in permitting

him so to do. We find in the bill of exception reserved to the court's ruling permitting appellee's counsel to open and conclude the argument that one of the grounds of objection thereto was that "the defendant did not claim the said right to open and conclude the argument in this cause before and at the time plaintiff and defendant announced ready for trial," but the assignment of error complaining of the court's action does not specify this objection as a ground of error relied on for a reversal of the case, and there is no proposition that the court erred for that reason. On the contrary the assignment of error, as will be seen, limits the grounds of error relied on to two, namely: (1) That the action of the court tended "strongly towards giving the defendant the advantage over the plaintiff in the argument of the case," and (2) that in taking "the whole facts necessary to make out the defendant's liability under the pleadings in the case the plaintiff was entitled to the opening and closing the argument by counsel in his behalf." There is no proposition of any character under this assignment.

We find no reversible error in the record, and the judgment of the court below will be affirmed.