ROY T. DENMAN (FORT WORTH REAL ESTATE EXCHANGE) V. JACK HALL.

No. A-826. Decided April 3, 1946.
(193 S. W., 2d Series, 515.)

634

*Simon & Simon* and *Richard U. Simon*, of Fort Worth, for appellant.

*Sam Billingsley*, of Fort Worth, for appellee.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

This cause is here on certified questions from the Court of Civil Appeals at Fort Worth.

According to the certificate, Roy T. Denman sued Jack Hall for a real estate agent's commission growing out of a contract in writing executed under section 22, of Art. 6573a, Vernon's Annotated Civil Statutes of Texas, whereby Hall appointed Denman his exclusive agent for 90 days to sell certain described residence property and agreed to convey the property by general warranty deed to any purchaser found by Denman.

Hall answered with a general denial and a special plea that

the contract was delivered to Denman's agent upon the express oral condition that it was to become effective only if the property was sold to a purchaser who would lease to Hall the garage apartment on the premises under such terms as Hall and the purchaser might fix. He alleged, further, that he was never advised by Denman that the oral condition was not satisfactory and that when Denman produced a buyer the latter would not agree to lease the garage apartment to Hall.

The trial court's findings of fact established this defense. Judgment was entered for Hall on conclusions of law that his special plea did not amount to an effort to vary or contradict the terms of the listing contract and that the testimony offered in support of it merely showed that the written contract was not to become effective except upon the happening of a given event, which did not happen.

In the court of civil appeals Denman assigned error on the trial court's admission of the testimony as to the oral understanding and on its holding that the parol agreement was but a condition, failure to perform which prevented the written contract from becoming effective.

Reciting a disagreement among its members, the court of civil appeals has submittd the following qustions:

"1. Did the majority err in holding that the parol evidence admitted by the trial court was competent to support the trial court's finding of fact and conclusions of law to the effect that the written contract of listing by appellee was delivered to appellant's agent to become effective as a binding contract only upon condition that appellant should make known to any prospective buyer that any sale made should be upon condition that appellee should have a lease contract for the garage apartment and that such parol evidence did not have the effect to vary or contradict the terms of the written listing contract?

"2. In view of the parol evidence rule, did the parol evidence offered by appellee, showing that the listing contract was executed and delivered conditioned that it was to become effective *only* in the event appellant sold to a buyer who would negotiate a lease to appellee on the garage apartment, vary the terms of the listing contract?"

Sec. 22, Art. 6573a, supra, provides: "No action shall be brought in any court in this state for the recovery of any commissions for the sale or purchase of real estate unless the promise

or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereto lawfully authorized."

The effect of this statute is to require that contracts by which an agent is employed to buy or sell real estate must be in writing; otherwise they are not enforceable. Its purpose, like that of other sections of the Statute of Frauds, is to prevent fraud arising from parol testimony as to the terms and conditions of such contracts. Therefore, the rule is that parol evidence cannot be received to establish any oral condition relating to the contract if the condition is inconsistent with the terms of the written instrument. 32 C. J. S., Evidence, Sec. 935, p. 859. In other words, "An oral condition that is repugnant to the condition stated in the writing, or is offered in substitution for it, is inadmissible." Williston on Contracts (Rev. Ed.), Vol. 3, Sec. 634, p. 1825. Stated conversely, "The oral agreement is operative if there is nothing in the writing inconsistent therewith." Restatement of the Law of Contracts, Vol. 1, Sec. 241, p. 340. "In general, extrinsic evidence cannot be introduced to contradict or vary the intention of the parties as set out in the written contract by showing the existence of a prior or contemporary oral understanding contrary to the terms of the written contract." Elliott on Contracts, Vol. 2, Sec. 1621, p. 929. Then, in discussing the exceptions to this rule, the same authority says, in Sec. 1633, p. 946, "The question usually is as to whether the parol evidence sought to be introduced contradicts or alters the written contract, or leaves it to stand unchanged and simply tends to establish an additional collateral agreement."

It is impracticable to review all the Texas decisions, but we think they uniformly recognize that an oral contemporaneous condition cannot be proved if it is inconsistent with the terms of a written instrument duly delivered to the party against whom the condition is sought to be invoked. Thus, in Holt v. Gordon, 107 Texas 137, 174 S. W. 1097, Holt sued Gordon on three notes executed by the latter in consideration of a deed to 60 acres of land, Holt alleged that one of the notes, which was for $1,300.00 was executed in lieu of $1,300.00 recited as paid in cash and that it was secured by a deed of trust on another tract of 212 acres of land owned by Gordon. Gordon answered that when the deed was executed there was a parol agreement between him and Holt that neither the deed nor the notes would become effective unless Gordon should thereafter succeed in getting a loan of $1,300.00 on the 212 acres to pay the $1,300.00 recited as cash. In holding that Gordon's answer stated no de-

fense, this court said, "It may be shown by parol testimony that an ordinary written instrument was executed under an agreement that it was not to become effective except upon certain considerations. (Citing authorities.) But that principle has never been recognized by this court as applicable to a deed to land, or a deed of trust affecting the land, where the delivery of the instrument was made to the grantee and not to a third person." In Heffron v. Cunningham, 76 Texas 312, 13 S. W. 260, Heffron alleged that there was a verbal agreement that his contract to purchase certain real estate was not to be binding if title to the property was not cleared in a stated time. After recounting that Heffron had executed notes and a deed of trust to secure the purchase money and had accepted a deed from the grantor, Mrs. Wicks, this court said, "These were all delivered and none of them evidenced other than a completed contract, whereby without condition appellant promised to pay the purchase money and Mrs. Wicks conveyed the property. The deed was delivered to appellant, and there is no claim that he held it as an escrow to take effect on condition not expressed in its face, might have been the case had it been delivered to a stranger. Having been delivered to appellant, the grantee, it became an absolute conveyance, on which could not be engrafted by parol evidence any condition inconsistent with its terms." The holdings in these cases are based on the fact that the written instruments were delivered to the other contracting parties, which distinguishes them from authorities like the recent case of Bell v. Rudd, 144 Texas 491, 191 S. W. (2d) 841, wherein the writing was never delivered to the grantee.

Baker v. Baker, 143 Texas, 191, 183 S. W. (2d) 724, recognizes the rule that if the alleged condition precedent is inconsistent with the written instrument parol evidence thereof is inadmissible, while holding that the instrument there involved showed by its own language that it was conditional on some contingency not disclosed by it, thereby rendering it proper to resort to parol evidence to show what that contingency was.

In those cases wherein testimony of a contemporaneous oral agreement was held proper to show that the written contract never took effect because the oral condition was never satisfied, the condition did not in any way contradict or vary the terms of the writing. For instance, in Nelson v. Boggs (Civ. App.), 177 S. W. 1005, it is pointed out that the evidence offered and admitted "did not in any true sense contradict the terms of the writing in suit, nor vary its legal import." Likewise, in Farrar v. Holt (Civ. App.), 178 S. W. 618, Holt sued Farrar for commissions allegedly earned by procuring a purchaser for Far-

rar's homestead, on a written listing agreement. Farrar answered that when the contract was made and delivered it was specifically understood that it was not to become operative unless his wife consented, and that she did not agree to it. Pointing out that these allegations did not have the effect to modify or alter the terms of the written agreement, the court held that they presented a good defense.

But in this case the situation is different. In the writing Hall agreed that at any time within ninety days he would execute a general warranty deed conveying the real estate to any purchaser procured by Denman, for $7,000.00 cash. This meant that he would surrender to the purchaser complete possession of the property. Rogers et al v. Rogers (Com. App.), 15 S. W. (2d) 1037. Yet, in the teeth of that agreement he would show there was an oral understanding that he was not to surrender complete possession of the premises but was to have a leasehold estate in a garage apartment thereon. To that extent the alleged oral agreement was not only inconsistent with but would nullify the express terms of the written contract. Under the authorities above cited, that cannot be.

We answer "yes" to both questions.

Opinion delivered April 3, 1946.