### T. P. PARKER V. C. C. OUTHIER.

No. A-1597. Decided May 12, 1948.
(209 S. W., 2d Series, 759.)

*E. L. Gilbert, Mack & Mack,* and *Theodore Mack,* all of Fort Worth, for petitioner.

*Rogers, Love & Power,* of Fort Worth, for respondent.

MR. JUSTICE SHARP delivered the opinion of the Court.

C. C. Outhier, a real estate agent, sued T. P. Parker upon a written contract to recover a real estate commission of $625.00. Parker answered that the commission was not to be paid until the deed was delivered by him as seller to the purchaser, McDaniel, the remainder of the consideration paid, and the deal closed. The trial court submitted one issue to the jury, and upon the jury's affirmative answer thereto judgment was entered against Outhier. On appeal to the Court of Civil Appeals the judgment of the trial court was reversed and judgment rendered in favor of Outhier. 207 S. W. (2d) 237. This Court granted a writ of error because of the conflict of the opinion of the Court of Civil Appeals with the opinions of this Court in Baker v. Baker, 143 Texas 191, 183 S. W. (2d) 724, and Denman v. Hall, 144 Texas 633, 193 S. W. (2d) 515.

Respondent claims that he was entitled to a commission of five per cent. on the sum of $12,500.00, the sale price of the land. Petitioner admits that he was to sell the land to McDaniel for the sum of $12,500.00, but denies that McDaniel was then ready, able, and willing to buy and pay for the land. Along with other defenses, petitioner pleaded that respondent was not to

recover any commission until the deal was closed and the purchase price was paid; that respondent represented to Parker that the contract of sale which was reduced to writing actually contained a provision that petitioner was willing to pay respondent the five per cent. commission when the deal was actually closed, the deed passed, and the consideration paid. He also pleaded mutual mistake and that the failure of respondent to insert said stipulation in the written contract was willful, intentional, and fraudulent on his part; that respondent wrote the contract, and stated that it was not necessary to have a lawyer draw up the contract, and that petitioner was inexperienced in drawing up or construing contracts; that the only portion of the contract that relates to the payment of the commission is uncertain and indefinite with respect to the time and the conditions under which petitioner would become obligated to pay respondent the commission; that the considerations above stated were not inconsistent with the terms of the written contract, and should be considered in connection therewith. No exceptions were made to these pleadings.

Petitioner testified that under the verbal understanding and agreement prior to and at the time of entering into the contract with respondent, he instructed respondent that he was not to receive any commission until the sale was made and the deal consummated. Petitioner also testified that he did not read the contract before he signed it. He further testified that respondent stated that everything that had been agreed to by the seller and the buyer and the real estate agent had been included in the contract, and asked them to sign same. Mrs. Parker testified to the same effect, that petitioner said to respondent just before he signed the contract, "Mr. Outhier, when the deal is closed and the deed is passed and I get my money, I will pay you then your commission." And Mr. Outhier said, "That is agreeable with me." The Court of Civil Appeals held that this testimony was inadmissible.

It is undisputed that the deal was never consummated nor the consideration paid, because McDaniel could not perform his part of the contract, due to his inability to raise sufficient funds. The $1,000.00 placed in escrow with the bank was paid to petitioner, who testified that respondent agreed that the $1,000.00 should be released to him. McDaniel did not testify.

The contract was signed by Parker, McDaniel, and Outhier, and the pertinent parts of the contract relied upon by respondent entitling him to collect his commission read as follows:

"The purchase price is Twelve Thousand Five Hundred Dollars, which is to be paid as follows:

"At the signing of this agreement, the buyer shall deposit, the sum of One Thousand Dollars, which will be placed in escrow in The State Bank of Arlington, to be held by said bank under the terms of this agreement. At the completion of this transaction and the passing of deed, the said bank shall turn this deposit over to seller.

"The seller shall furnish the buyer with an abstract showing good and merchantable title to said property as of this date. The buyer shall have ten days to examine title, and complete payment for said property as follows. In addition to the One Thousand Dollars paid in deposit at the signing of this agreement, the buyer shall pay the seller the sum of Five Thousand Dollars in cash and execute in favor of the seller a vendor's lien note or deed of trust, in the sum of Six Thousand Five Hundred Dollars, with interest at the rate of six per cent per annum from date thereof until paid. Said note shall be paid in semi-annual instalments of six hundred fifty Dollars each, plus six per cent interest.

\* \* \* \* \* \* \* \* \* \*

"C. C. Outhier is hereby recognized as the agent who negotiated this transaction, and sale, and the seller shall pay him the regular five per cent commission on the total amount of the consideration, and the buyer shall not be held for any part of the payment of said commission."

The trial court submitted to the jury only one special issue, which reads as follows:

"Do you find from a preponderance of the evidence that at the time the contract dated March 1, 1946, was executed by Parker, McDaniel and Outhier, it was understood and agreed between Outhier and Parker that Outhier was not to be entitled to his commission until the deed was delivered by Parker to McDaniel, the balance of the consideration paid and the deal closed?"

Based upon an affirmative answer of the jury to the foregoing special issue, the trial court entered judgment against respondent and in favor of petitioner.

No pleading was filed by the respondent in the trial court,

other than his original petition. Petitioner filed his answer, which was not excepted to; nor was any bill of exceptions taken to the introduction of the evidence. Petitioner's answer was not an attempt to alter, vary, or contradict, by parol evidence, the terms of the written contract. It undertook to allege a defense that had been willfully and intentionally left out of the contract by respondent, or which by mutual mistake had not been incorporated in the contract. As stated above, but one issue was submitted to the jury. The only exceptions to the court's charge were that there was no valid or legal evidence to support the finding of the jury, that the charge was multifarious, constituted comment upon the weight of the evidence, was ambiguous, indefinite and uncertain, was not supported by any written pleading, and that the issue could not be answered "yes" or "no" by the jury.

■ Section 22 of Article 6573a, Vernon's Annotated Civil Statutes, reads as follows: "No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereto lawfully authorized. * * *." In construing this article this Court has held that an oral contemporaneous condition cannot be proved if it is inconsistent with the terms of a written instrument duly delivered to the party against whom the condition is sought to be invoked. Denman v. Hall, 144 Texas 633, 193 S. W. (2d) 515; Holt v. Gordon, 107 Texas 137, 174 S. W. 1097.

If the written contract contained the entire agreement with respect to the payment of the commission, it would be construed as containing an implied agreement to pay a commission to the real estate agent. Stevens v. Karr, 119 Texas 479, 33 S. W. (2d) 725; Denman v. Hall, supra. But this case does not rest solely on the written contract. Both the pleadings and the evidence raise the issue that the commission would not be due until the deed was actually closed, the deed passed, and the consideration paid. The written contract is silent regarding this issue, but the contention is made that the issue, while raised by oral testimony, is not inconsistent with the terms of the written contract, and no error was committed in submitting this issue to the jury. Denman v. Hall, supra; Baker v. Baker, 143 Texas 191, 183 S. W. (2d) 724; Nelson v. Boggs (Tex. Civ. Appls.), 177 S. W. 1005; Farrar v. Holt (Tex. Civ. Appls.), 178 S. W. 618; Heath v. Huffhines (Tex. Civ. Appls.), 152 S. W. 176.

The pleadings and the evidence raised the question embraced in the special issue submitted to the jury, and the jury's answer justified the entering of judgment for petitioner by the trial court. The Court of Civil Appeals erred in reversing the judgment of the trial court and rendering the cause.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion delivered May 12, 1948.

No motion for rehearing filed.