## McCAMY v. GENERAL ELECTRIC SUPPLY CORPORATION.

### No. 13124.

United States Court of Appeals
Fifth Circuit.

Dec. 19, 1950.

Allen V. Davis, Corpus Christi, Tex., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

McCORD, Circuit Judge.

R. W. McCamy, appellant, brought this suit against General Electric Supply Corporation, appellee, to recover damages for an alleged breach of an oral contract of employment.

The complaint, as amended, charges that on or about April 15, 1947, plaintiff and defendant entered into an oral agreement whereby plaintiff was supposed to act as salesman for defendant's products in a certain territory in the State of Texas; that under this agreement plaintiff was to receive as payment for his services 12½% of the gross profits on products that he sold; and that in accordance with the oral agreement plaintiff entered into the employment of the defendant. It is further alleged that about two weeks later certain agents of the defendant represented to the plaintiff that General Electric Supply Corporation had become involved in a dispute with one of its salesmen in the city of Detroit, who had claimed his regular commission on the sale of an exceptionally large order of the Corporation's products which had not been secured by the salesman but by the executive officers of the Corporation; that in order to prevent similar controversies from arising in the future the Corporation had printed a form which it was requesting all its salesmen to sign, but that such instrument would not affect plaintiff's compensation or apply to his territory, but would become effective only in the event a large sale was made direct by the Corporation in plaintiff's territory, in which event it would be within the discretion of the Corporation as to what commission should be paid plaintiff in connection with such sale. It is then alleged that plaintiff, relying upon these representations, signed the instrument prepared by the Corporation and described as the "Detroit salesman" contract; that he continued in the Corporation's employ for the remainder of the year 1947 and through the year 1948,

Allen Wood, Corpus Christi, Tex., for appellant.

and that for the year 1947 his commissions were properly computed in accordance with the oral agreement; that on or about January 1, 1948, defendant Corporation sent him another so-called "Detroit salesman" contract purporting to cover the period from January 1, 1948, to December 31, 1948, and that he again signed that instrument, relying upon representations by defendant's agents that such instrument would not become effective unless a large sale was made direct by defendant in plaintiff's territory at a small margin of profit; that at no time during his period of employment with defendant were any such sales made in plaintiff's territory which would render the "Detroit salesman" contract operative and effective, but that defendant, purportedly acting under the contract dated January 1, 1948, reduced plaintiff's commissions for the year by the amount of $4,059.87, the recovery of which sum is here sought. In the alternative, plaintiff alleged that he was fraudulently induced to execute the two "Detroit Salesman's" contracts by the course of conduct and representations of the defendant's agents, and that defendant was estopped to deny that said instruments had any other effect on the terms of employment than that alleged; that, as a further alternative, if plaintiff was denied recovery on the basis of his original and oral contract of employment, he was nevertheless entitled to be compensated on a *quantum meruit* for the reasonable value of his services in the amount of $4,059.87.

Defendant, in answer, denied that any oral representations were made in connection with the two instruments, and averred that by his execution of said written contracts plaintiff was precluded from any reliance upon or attempt to prove any oral contract contrary to the terms therein set forth. Further defenses specially pleaded were that the allegations of fraud were insufficient; that the alleged oral contract, if made, had been rescinded, cancelled and terminated by the execution of the written contract dated January 1, 1948; that the alleged oral contract was unenforceable because of the Statute of Frauds; that plaintiff had notice of the lack of authority of defendant's agents to bind the defend-

ant by the alleged oral contract of employment; and that plaintiff had been paid in full for his services in accordance with his written contract of employment of January 1, 1948.

Defendant moved for summary judgment on the ground that the pleadings, the answer, and admissions made by plaintiff in answer to written interrogatories, as well as the written contracts of employment, showed that there was no genuine issue as to any material fact; that, as a matter of law, any oral agreement which might have been made had been entirely superseded by the written contracts of employment, and that evidence of any prior inconsistent oral agreement was inadmissible under the parol evidence rule.

We are of opinion the trial court properly granted the motion for summary judgment. A careful consideration of the record and the applicable Texas authorities impels the conclusion that the written contract of employment alone governs the rights of the parties, and that proof of the prior and inconsistent oral agreement alleged was not admissible to enlarge appellant's rights. Denman v. Hall, 144 Tex. 633, 193 S.W.2d 515; Baker v. Baker, 143 Tex. 191, 183 S.W.2d 724; Willeke v. Bailey, 144 Tex. 157, 189 S.W.2d 477.

While the Texas courts apparently recognize the rule that parol evidence of a contemporaneous oral agreement is admissible to show that a written contract was not intended to become effective until a certain condition occurred, this rule has been held not to apply where, as here, the oral agreement claimed is clearly inconsistent with, and would manifestly vary or contradict the express terms of the written instrument. When we come to measure the plain provisions of the written contract before us in the light of the oral agreement alleged, it becomes patent that such oral agreement did not merely create a condition upon which the written instrument would become effective, but that it constituted a prior and inconsistent collateral agreement in no wise compatible with the terms of the written contract of employment which superseded and cancelled it

Denman v. Hall, 144 Tex. 633, 193 S.W.2d 515, 517; Baker v. Baker, 143 Tex. 191, 183 S.W.2d 724; Cf. Bell v. Mulkey, Tex. Civ.App., 7 S.W.2d 115, Id., Tex.Com.App., 16 S.W.2d 287; Mauritz v. Schwind, Tex. Civ.App., 101 S.W.2d 1085; Cf. Inner Shoe Tire Co. v. Treadway, 5 Cir., 286 F. 838.

■ Appellant admits that he signed the written contract, and does not deny that if the written contract controls he has been paid all the commission due under it. He makes no claim that he was tricked into signing, or that he was unable to read, mentally incompetent, or anything of that sort. Even though he may not have read the employment agreement, it seems clear that he should nevertheless be bound by its terms, in the absence of some sufficient averments of actionable fraud, accident or mistake. Here, the fraud alleged merely relates to misrepresentations by the defendant's agents that the contract was not to become effective except upon certain conditions, which conditions are manifestly inconsistent with the terms of the written agreement. Moreover, plaintiff signed the contract presumably with the knowledge that under its terms there could be no other valid agreement relating to his compensation unless it was in writing, and signed by the president of defendant.[1] Under such circumstances, we are constrained to hold the allegations of fraud in the complaint legally insufficient. See Distributors Inv. Co. v. Patton, 130 Tex. 449, 110 S.W. 2d 47, 48; Super-Cold Southwest Co. v. Elkins, 140 Tex. 48, 166 S.W.2d 97; General Office Service Co. v. Letbetter, Tex. Civ.App., 221 S.W.2d 932.

■■ We find no merit to the alternative claims that appellee is estopped from its

reliance upon the written contract, or that appellant is entitled to recover under a *quantum meruit* count for the reasonable value of his services over and above the agreed contract price. Connecticut Fire Insurance Co. v. Buchanan, 8 Cir., 141 F. 877; Tennant v. Fawcett, 94 Tex. 111, 58 S.W. 824.

Affirmed.

---

1. Rules 10 and 11 governing the application of the written contract of employment, and expressly made a part thereof, provide as follows:

   "10. No person other than the President of the Corporation is authorized to make any modification of or alteration in the Plan or these Rules. No change in the basic commission rate or in the commodity lines assigned to the Salesman under Paragraph 1 of the Plan shall be valid, unless made in writing and signed by an executive officer of the Corporation or by its Manager of the District named in the Plan, with the specific written approval of the President of the Corporation.

   "11. No Plan or other contract, other than the foregoing, providing for the payment of commission to the Salesman, will be valid or binding upon the Corporation unless made in writing and signed on its behalf in the manner and subject to the conditions prescribed in the second sentence of Rule 10."