Doyle L. BRIDGES et ux., Appellants,

v.

PITZER REALTORS, INC. and Dorothy
Watkins, dba Stephenville Realty,
Appellees.

No. 4787.

Court of Civil Appeals of Texas,
Eastland.

May 16, 1975.

Rehearing Denied June 13, 1975.

Ben D. Sudderth, Sudderth, Woodley &
Dudley, Comanche, for appellants.

Scott D. Allen, Coan & Allen, Stephen-
ville, for appellees.

WALTER, Justice.

Pitzer Realtors, Inc., and Dorothy Wat-
kins recovered a judgment against Doyle L.
Bridges and Anna C. Bridges for a com-
mission on a proposed sale of real estate
plus attorneys' fees. The Bridges have ap-
pealed.

The plaintiffs secured a buyer. In the
contract of sale from Bridges to the pro-
posed purchaser, we find the following:

"The purchase price is $23,500.00 pay-
able as follows: cash, of which Buyer
has deposited with the undersigned agent
$1,000.00 as part payment, receipt of
which is hereby acknowledged by agent.
This contract is conditioned upon Pur-
chaser assuming existing V.A. First Lien
on property at 5¾% interest provided
owner can obtain Release of liability on
loan."

In Bridges' answer they pleaded that Pitzer and Watkins came to their house on a Saturday afternoon and informed them that they had a purchaser for their house. The proposed sale differed from the listing agreement in that the purchaser wanted to buy their equity and assume the indebtedness instead of paying cash as set forth in the listing agreement. The Bridges alleged the Veteran's Administration Office could not be contacted on Saturday afternoon to determine their liability in making such a sale and how their V.A. rights would be otherwise affected. They alleged:

"Defendant Doyle L. Bridges mentioned and discussed same with Betty Whitaker and Rob Pitzer and were urged by Whitaker and Pitzer to go ahead and sign the contract and told that they would not be bound thereby pending a determination of the matters sought to be determined from the Veterans Administration. Defendant Doyle L. Bridges signed the contract under instructions to his agents, Rob Pitzer and Betty Whitaker, that he was not to be bound by such contract until he called the Veterans Administration during the following week and find out if a sale under the terms set out in such contract, rather than by cash, would cost him any rights under the Veterans Administration. It was so agreed between the parties and Rob Pitzer specifically stated that the actions of the Defendant, Doyle L. Bridges, on such date was not binding and that the contract would not be honored until Defendant Doyle L. Bridges had contacted the Veterans Administration and made a determination concerning matters that he desired to be discussed with the Veterans Administration.

During the week following the 18th of August, 1973, Defendant Doyle L. Bridges did contact the Veterans Administration and was informed that he would lose some benefits if he sold his equity and allowed the purchaser to assume the indebtedness and was strongly advised and admonished by the Veterans Administration to sell the property for cash. This information was communicated to Rob Pitzer and Rob Pitzer was advised to either sell the property for cash or take it off his listing. Shortly thereafter, Defendant Doyle L. Bridges received the keys to the house in the mail and the signs that had been erected by the Plaintiffs were removed from his property.

Defendants would show that as a result of the above and foregoing expressed agreements, that any contract of sale was conditional only and was never delivered to any prospective purchaser and remained in the hands of the Plaintiffs, who were the agents for these Defendants, and that these Defendants never became bound by the terms thereof."

Pitzer and Watkins excepted to such pleadings because the pleadings would place before the jury evidence that is barred by the parol evidence rule and because the Bridges were seeking to modify a written contract by oral evidence. Pitzer and Watkins also asserted that such pleadings were hearsay, inflammatory and improper.

Rule 45, Texas Rules of Civil Procedure, provides that all pleadings shall be construed to do substantial justice. Rule 91, T.R. C.P., provides that a special exception shall point out the defect omission or other insufficiency in the allegations of the pleadings to which an exception is directed.

■ It is a well known rule that in passing upon special exceptions we must accept as true all facts contained in the pleadings to which a special exception is directed.

We assume the allegations in Bridges' answer to be true. Therefore, we must find that at the time the contract was physically delivered to Pitzer and Watkins it was a conditional delivery. Bridges did not intend to make the instrument an enforceable obligation until they contacted the Veteran's Administration Office. In Brewer v. Tedford, 447 S.W.2d 479 at page 483 (Tex.Civ.

**432**

App.—El Paso 1969, writ ref. n.r.e.) the court said:

"It has been held that conditionally delivered instruments do not become effective until the condition occurs. 17 C.J.S. Contracts § 64, pp. 738, 739; 32A C.J.S. Evidence § 977, p. 459. We think the following quotation from 13 Tex.Jur.2d 228–29, Contracts § 83, is clearly in point and bears directly on the case before us:

'Clearly, where there is a specified condition attached to the delivery of a written contract, delivery of the instrument will not become absolute, nor the agreement effective, until the happening of the condition * * *

'The conditional delivery of a written instrument involves a question as to the mutual intention of the parties. This question may properly be resolved by the jury. Furthermore, when determining the existence of such a delivery, the condition itself, together with the true facts and circumstances of the case, may be shown by parol evidence.'

It has also been held that this basic rule of contract law is applicable to contracts for the sale of land. 91 C.J.S. Vendor and Purchaser § 42, p. 894. In the last citation, the text points out that a delivery of a written contract for the sale of realty on condition is not a complete delivery until the condition has been fulfilled. See also Alaga v. Stubblefield, Tex.Civ.App., 174 S.W.2d 627, and 13 Tex.Jur.2d 228, 229, Contracts."

In 17 C.J.S. Contracts § 64, p. 738, it is stated:

"Generally delivery is an essential element of the execution of a contract in writing, and such a contract is not binding unless it is delivered. Delivery may be made on condition, but, since a contract which has not been unconditionally delivered ordinarily is not binding, a delivery on condition is not complete and the parties are not bound until or unless the condition is fulfilled."

The cases cited by appellees in support of the court's action in sustaining the special exceptions deal with cases which properly announce the rule that parol evidence cannot be received in evidence to establish an oral condition relating to the contract if the condition is inconsistent with the terms of the written instrument in the absence of a pleading of fraud, accident or mistake. In the case at bar the conditional delivery of the contract as pleaded by the Bridges is not inconsistent with the terms of the written instrument. We think the cases of Denman v. Hall, 144 Tex. 633, 193 S.W.2d 515 (1946), and Brewer v. Tedford, 447 S.W.2d 479 (Tex.Civ.App.—El Paso 1969, writ ref. n.r.e.), support this conclusion.

We are compelled to hold that the trial court erred in sustaining the exceptions. The judgment is reversed and the cause is remanded.