Jane BELIAN and Valerie
Pellegrino, Plaintiffs,

v.

TEXAS A & M UNIVERSITY CORPUS
CHRISTI, Defendant.

No. CIV.A. C–95–652.

United States District Court,
S.D. Texas,
Corpus Christi Division.

Jan. 7, 1997.

William J. Kolb, Corpus Christi, TX, for Plaintiffs.

James B. Pinson, Office of Atty. Gen. of Texas, Austin, TX, for Defendant.

### ORDER ON DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

JACK, District Judge.

On this day came on to be considered Defendant Texas A & M University, Corpus Christi's Motion for Judgment as a Matter of Law against Plaintiffs Jane Belian and Valerie Pellegrino. For the reasons stated herein, the Court GRANTS the Motion.

### I. JURISDICTION

Plaintiffs filed this action in federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### II. FACTS AND PROCEEDINGS

Plaintiffs were employed by Defendant as Instructors beginning in August 1992. Plaintiffs allege they were told that they would have a permanent position after one year. Plaintiffs allege that in August 1993 they were told that their positions were permanent. Plaintiffs assert that on October 26, 1994, they received notification that their positions were temporary. Belian claims that she was constructively discharged effective December 20, 1994. Pellegrino claims that she was constructively discharged on January 4, 1995. Both contend that they were discharged due to the fact that they were American women over the age of 40.

Plaintiffs filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") which issued them a right to sue letter dated September 22, 1995. Plaintiffs filed suit in the Court on December 20, 1995. Plaintiffs claim that Defendant

constructively discharged them in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq., as amended, and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., as amended by the Civil Rights Act of 1991.

On October 18, 1996, Defendant filed a Motion to Dismiss Plaintiffs' claims under the ADEA pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Plaintiffs responded on October 22, 1996. The Court denied that Motion.

On January 2, 1997, the Final Pre-trial Conference was held in this matter. On January 3, 1997, a jury was selected, and a trial began. After offering as evidence 80 Plaintiffs' exhibits and submitting the testimony of 4 live witnesses, the Plaintiffs rested. Defendant then made this Motion for Judgment as a Matter of Law. The Court carried forward the motion, and Defendant began the presentation of its case. At the close of the day's evidence, they jury was dismissed and a motion hearing was conducted outside the presence of the jury. The Court now considers this Motion.

## III. DISCUSSION

Rule 50(a) provides that "[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue." Fed.R.Civ.P. 50(a). A motion for judgment as a matter of law under Fed.R.Civ.P. 50, like a motion for summary judgment under Fed.R.Civ.P. 56, is viewed in the light most favorable to the nonmovant. *Resolution Trust Corp. v. Cramer,* 6 F.3d 1102, 1109 (5th Cir.1993); *Barnett v. I.R.S.,* 988 F.2d 1449, 1453 (5th Cir.1993).

If the facts and the inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable jurors could not arrive at a contrary verdict, then a motion for judgment as a matter of

law should be granted. *Fontenot v. Cormier,* 56 F.3d 669, 672 (5th Cir.1995); *Crist v. Dickson Welding, Inc.,* 957 F.2d 1281, 1285 (5th Cir.), *cert. denied,* 506 U.S. 864, 113 S.Ct. 187, 121 L.Ed.2d 132 (1992). If, however, there is substantial evidence opposed to the motion—that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might reach different conclusions—then the motion is properly denied. *Barnett,* 988 F.2d at 1453; *Molex, Inc. v. Nolen,* 759 F.2d 474, 478 (5th Cir.1985).

### A. Plaintiffs' Employment Status

■ The long standing rule in Texas is that employment for an indefinite term may be terminated at will and without cause. *Winters v. Houston Chronicle Publishing Co.,* 795 S.W.2d 723, 723 (Tex.1990). Parties may modify at-will employment by an oral or written satisfaction contract. *Goodyear Tire and Rubber Co. v. Portilla,* 836 S.W.2d 664, 667–68 (Tex.App.—Corpus Christi 1992), *aff'd,* 879 S.W.2d 47 (Tex.1994). A "satisfaction contract" is formed when the employer represents to the employee that she will not be dismissed but for unsatisfactory performance. *Goodyear,* 836 S.W.2d at 668; *Zep Mfg. Co. v. Harthcock,* 824 S.W.2d 654, 659 (Tex.App.—Dallas 1992).

■ Any modification of the employee's at-will status must be based on express agreements rather than implied agreements. *McDonald v. City of Corinth, Texas,* 102 F.3d 152, 1996 WL 717005, *4 (5th Cir.1996); *Cote v. Rivera,* 894 S.W.2d 536, 540 (Tex.Ct. App.—Austin 1995, no writ). An agreement to modify at-will employment must be clear and explicit. *Martinez v. Hardy,* 864 S.W.2d 767, 775 (Tex.App.—Houston [14th Dist.] 1993, no writ); *see also McAlister v. Medina Elec. Co-op., Inc.,* 830 S.W.2d 659, 664 (Tex. App.—San Antonio 1992, writ denied)(an employee handbook or manual will modify the at-will relationship only if it specifically and expressly curtails the employer's right to terminate the employee).

■ Texas law disfavors oral agreements altering the rights of parties to a written employment contract. *McCamy v.*

*Gen. Elec. Supply Corp.*, 185 F.2d 944 (5th Cir.1950); *Rayburn v. Equitable Life Assurance Soc'y of the United States*, 805 F.Supp. 1401, 1407 (S.D.Tex.1992). In order to establish an oral employment contract or an oral modification of an employment contract, the employee must show that (1) a specific statement expressly modifying the employment status was made, (2) by an agent of the employer, and (3) the agent was acting within the scope of the agent's authority. *Goodyear Tire and Rubber Co. v. Portilla*, 836 S.W.2d 664, 668 (Tex.App.—Corpus Christi 1992, writ granted), *aff'd*, 879 S.W.2d 47 (Tex. 1994); *Moore v. Attorney Gen.*, 820 S.W.2d 874, 877 (Tex.App.—Austin 1991, no writ).

■ Here, Plaintiffs testified that although they were given three written, consecutive, one-year terms of appointment, oral statements made to them gave them permanent employment status. The Court assumes for the purposes of this Motion that the Plaintiffs' employment with the Defendant could only be terminated for cause. However, the Court notes that this is not a contract action, and that a termination is cognizable under Title VII and the ADEA only when it was for a reason made illegal by those statutes.

*B. Constructive Discharge*

■ When an employee resigns he or she may satisfy the discharge requirement of the prima facie case by proving constructive discharge. *Stephens v. C.I.T. Group/Equipment Financing, Inc.*, 955 F.2d 1023, 1027 (5th Cir.1992). To show constructive discharge, an employee must offer evidence that the employer made conditions so intolerable that a reasonable employee would feel compelled to resign. *Barrow v. New Orleans S.S. Ass'n*, 10 F.3d 292, 297 (5th Cir.1994); *McKethan v. Texas Farm Bureau*, 996 F.2d 734, 741 (5th Cir.1993), *cert. denied*, 510 U.S. 1046, 114 S.Ct. 694, 126 L.Ed.2d 661 (1994). This test is objective; the question is not whether this employee felt compelled to resign, but whether a reasonable employee would have felt so compelled. *Boze v. Branstetter*, 912 F.2d 801, 804 (5th Cir.1990); *Guthrie v. J.C. Penney Co., Inc.*, 803 F.2d 202, 207 (5th Cir.1986).

Whether a reasonable employee would feel compelled to resign depends on the facts of each case, but the Fifth Circuit considers as relevant factors, either singly or in combination: (1) demotion, (2) reduction in salary, (3) reduction in job responsibilities, (4) reassignment to menial or degrading work, (5) reassignment to work under a younger supervisor, (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation, or (7) offers of early retirement on terms that would make the employee worse off whether the offer was accepted or not. *Id.* at 297 & n. 20.

Here, Plaintiffs testified that they did not voluntarily quit, but that they felt compelled to resign. Plaintiffs testified that they each received a letter from Dr. Tito Guerrero, a Texas A & M University official, which used an insulting or demeaning tone. Plaintiffs testified that each of them was treated "differently" by their colleagues after they began questioning their employment status. Plaintiffs testified that they were very upset by the receipt of the letter informing them that their contracts with the University would not be renewed after the 1994–95 academic year.

The Court assumes for the purposes of this Motion that the Plaintiffs were discharged from their positions by the Defendant.

*C. Discrimination Claims*

Discrimination under the ADEA or under Title VII may be proven by direct evidence of discrimination or in an indirect method of proof by establishing a prima facie case of discrimination. *Mooney v. Aramco Serv. Co.*, 54 F.3d 1207, 1216 (5th Cir.1995); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir.1994).

*1. Prima Facie Case*

Discrimination can be shown indirectly by following the pretext method of proof set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). "The shifting burdens of proof set forth in *McDonnell Douglas* are designed to assure that the plaintiff [has] his [or her] day in court despite the unavailability of direct evidence." *Trans World Airlines, Inc. v.*

*Thurston,* 469 U.S. 111, 121, 105 S.Ct. 613, 622, 83 L.Ed.2d 523 (1985).

 If the plaintiff has established a prima facie, "a presumption of discrimination arises which the defendant must then rebut by articulating a legitimate, nondiscriminatory reason" for the adverse employment action. *Bodenheimer v. PPG Industries, Inc.,* 5 F.3d 955, 957 (citing *Olitsky v. Spencer Gifts, Inc.,* 964 F.2d 1471, 1478 n. 19 (5th Cir.1992), *cert. denied,* 507 U.S. 909, 113 S.Ct. 1253, 122 L.Ed.2d 652 (1993)). "Once the employer satisfies this burden, the presumption of age discrimination established by the employee's prima facie case dissolves." *Bodenheimer,* 5 F.3d at 957 (citing *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 255 ·n. 10, 101 S.Ct. 1089, 1094 n. 10, 67 L.Ed.2d 207 (1981)).

#### a. ADEA

 The ADEA provides that "it shall be unlawful for an employer... to discharge any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). In age discrimination cases, the plaintiff is required to make a prima facie case, wherein the plaintiff must demonstrate that: (1) plaintiff was discharged; (2) plaintiff was qualified for the position; (3) plaintiff was within the protected class at the time of the discharge; and plaintiff was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his or her age. *Bodenheimer v. PPG Industries, Inc.,* 5 F.3d 955, 957 (5th Cir.1993)(citing *Fields v. J.C. Penney, Co.,* 968 F.2d 533, 536 (5th Cir.1992)).

 Plaintiffs have submitted no evidence that they were discharged because of their ages. Plaintiffs have not shown that they were replaced, much less replaced by someone under 40 or by someone younger than they are. In fact, Plaintiffs submitted no evidence to show that anyone under 40 or that anyone younger than the Plaintiffs is employed in the Defendant's Nursing Department. The only evidence regarding age submitted by the Plaintiffs was the testimony of each Plaintiff regarding her birth date, which merely establishes that each Plaintiff was over the age of 40 at the time of the alleged incidents.

Considering all the evidence in the light most favorable to the Plaintiffs, the Court FINDS that Plaintiffs have submitted no evidence as to the third prong of the prima facie case. The facts and inferences point overwhelmingly in favor of the Defendants, and no reasonable jury exercising impartial judgment could conclude to the contrary.

#### b. Title VII

 Title VII provides that "[i]t shall be an unlawful employment practice for an employer—(1) to fail or refuse to hire or to discharge any individual... because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Initially, the plaintiff must establish a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). To establish a prima facie case under Title VII, the plaintiff must show that plaintiff: (1) is a member of a protected class, (2) was qualified for the position, (3) was discharged, (4) after being discharged was replaced with a person who is not a member of plaintiff's protected group. *Meinecke v. H & R Block of Houston,* 66 F.3d 77, 83 (5th Cir.1995); *Vaughn v. Edel,* 918 F.2d 517, 521 (5th Cir. 1990).

Here, the Court FINDS and Plaintiffs admit that Plaintiffs have submitted no evidence that the Plaintiffs were replace by anyone, much less a person who is not a member of the Plaintiffs' protected groups. Considering all the evidence in the light most favorable to the Plaintiffs, the Court FINDS that Plaintiffs have submitted no evidence as to the third prong of the prima facie case. The facts and inferences point overwhelmingly in favor of the Defendants, and no reasonable jury exercising impartial judgment could conclude to the contrary.

Therefore, the Court CONCLUDES after viewing all the evidence in the light most favorable to the Plaintiffs, that Plaintiffs have not established a prima facie case of discrimination under the ADEA nor under Title VII.

## 2. Direct Evidence of Discrimination

■ When a plaintiff produces direct evidence of discrimination, the *McDonnell Douglas* test is inapplicable. *Mooney*, 54 F.3d at 1216 (citing *Trans World Airlines*, 469 U.S. at 119, 105 S.Ct. at 621). In *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), the Supreme Court held that once a plaintiff presents direct evidence of discrimination, the burden of proof shifts to the employer to show that the same adverse employment decision would have been made regardless of discriminatory animus. *Mooney*, 54 F.3d at 1217. A "fundamental prerequisite" to the *Price Waterhouse* burden shifting is direct evidence of discrimination. *Id.*

Direct evidence of discrimination is "so revealing of discriminatory animus that it is not necessary to rely on any presumption from the prima facie case." *Mooney*, 54 F.3d at 1216, n. 10 (quoting *Armbruster v. Unisys Corp.*, 32 F.3d 768, 778 (3rd Cir.1994)). Direct evidence proves the fact of discrimination without inference or presumption. *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir.1994)(per curiam)(offending comments that cannot be reasonably interpreted as anything other than bias are direct evidence of discrimination); *Brown v. East Mississippi Electric Power Ass'n*, 989 F.2d 858 (5th Cir.1993)(open use of racial slurs is direct evidence that racial animus was a motivating factor in the employment decision). Direct evidence of discrimination must establish without inference that "the employer *actually relied on* [the forbidden factor] in making its decision." *Langley v. Jackson State University*, 14 F.3d 1070, 1075 (5th Cir.1994) (emphasis in original). It is well-settled that subjective belief of discrimination, however genuine, cannot be the basis for judicial relief under Title VII. *Portis v. First Nat'l Bank of New Albany*, 34 F.3d 325, 329 (5th Cir.1994);

### a. ADEA

■ Plaintiffs have submitted no direct evidence of discrimination based on age. Plaintiffs only evidence of age discrimination is their testimony that they knew of no person under the age of 40 who was treated in the manner in which Plaintiffs were treated, and that each of the Plaintiffs was over the age of 40 during the complained of incident.

Therefore, the Court FINDS that no reasonable jury exercising impartial judgment could conclude based on this evidence that Defendant was motivated by a retaliatory animus. Thus, the Court FINDS that Plaintiff's evidence does not establish direct evidence that Plaintiffs' discharge was due to discrimination based on their ages. Such evidence constitutes at best a subjective belief of discrimination and is not so revealing of discriminatory animus that it establishes the fact of discrimination without need for inference or presumption.

### b. Title VII

■ Plaintiffs' direct evidence of discrimination based on gender and national origin consists of (1) the testimony that no men nor any non–Americans were treated in the manner that Plaintiffs were treated; (2) advertisements soliciting applications for employment on the faculty of Defendant's Nursing Department which stated that bilinguals would be preferred and that underrepresented minorities and men were encouraged to apply; (3) the statement of Dr. Tito Guerrero that an applicant's membership in an under-represented group would play a minor role in a hiring decision; (4) the statement that in order to receive a permanent position in the Nursing Department, the Plaintiffs would have to reapply and to compete against other applicants; (5) the statement that were two equally qualified applicants to apply for the same position in Defendant's Nursing Department, the applicant who was a member of an under-represented group would be selected over the equally qualified applicant who was not [1]; and (6) Plaintiff Pellegrino's testimony that

---

[1]. Not only is there no evidence that either Plaintiff has been replaced, but there is *no* evidence that Defendant ever hired an applicant who was a member of an under-represented group over an equally qualified candidate. Stray remarks in

the workplace are not evidence of discrimination. *Mooney*, 54 F.3d at 1217–18, n. 12 (citing *Radabaugh v. Zip Feed Mills, Inc.*, 997 F.2d 444, 448–49 (8th Cir.1993)).

Merta Granville, a woman of Cuban national origin who is employed in the Defendant's Nursing Department, was not treated in the manner in which Plaintiffs were treated.

This evidence is not directly revealing of discriminatory animus. It does not prove the fact of discrimination without any inference or presumption. Further the Court notes that: (1) Plaintiffs have submitted testimonial evidence that the majority of the faculty of Defendant's Nursing Department consists of American women over the age of 40; (2) although Plaintiffs have submitted testimony to show that at least one man was employed in the Defendant's Nursing Department, Plaintiffs have not shown that any man was employed in a position similarly situated to the Plaintiffs' positions; (3) Plaintiffs have testified that one person not of American national origin was employed in the Nursing Department and was treated differently from the Plaintiffs, but there has been no evidence that this person was similarly situated to the Plaintiffs, other than the Plaintiffs' own subjective beliefs; (4) Plaintiffs submitted no evidence to show that any applicant's membership in an under-represented group actually played a role in any employment decision; and (5) a preference for a person with bilingual ability is not direct evidence of discrimination on the basis of national origin.

Therefore, the Court FINDS that all of this evidence, taken as true, does not establish direct evidence that Plaintiffs' discharge was due to discrimination based on their genders or national origins.

Here, viewing the evidence in the light most favorable to the Plaintiffs, the Court FINDS that no reasonable jury exercising impartial judgment could conclude based on this evidence that Defendant was motivated by a retaliatory animus. Thus, the Court FINDS that Plaintiffs' evidence does not establish direct evidence that Plaintiffs' discharge was due to discrimination based on their ages. Such evidence constitutes at best a subjective belief of discrimination and is not so revealing of discriminatory animus that it establishes the fact of discrimination without need for inference or presumption.

Viewing the evidence in the light most favorable to the Plaintiffs, the Court CONCLUDES that Plaintiffs have not presented direct evidence of discrimination sufficient to establish their Title VII claims nor to establish their claims under the ADEA.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion for Judgment as a Matter of Law against the Plaintiffs.